SUSAN J. BARDET, SBN 83215
**THE LAW OFFICE OF SUSAN J. BARDET**
204 East Second Avenue, PMB #413
San Mateo, CA  94401
Telephone: (650) 340-9243
Facsimile:  (650) 347-4527
Email: sbardet@gmail.com

JANE F. REID, SBN 109642
**THE LAW OFFICE OF JANE F. REID**
5551 Lawton Avenue
Oakland, California 94618
Telephone: (510) 601-6630
Facsimile:  (510) 601-6630
Email: jreid@sonic.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.K., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, L.K.; L.K. and W.K., | CASE NO. CV 08-02743 JSW |
| Plaintiffs, | COMPLAINT FOR VIOLATION OF INDIVIDUALS WITH DISABILITIES EDUCATION ACT; PETITION FOR INTERLOCUTORY REVIEW OF ADMINISTRATIVE ORDER |
| vs. | |
| BURLINGAME SCHOOL DISTRICT AND OFFICE OF ADMINISTRATIVE HEARINGS, | 20 USC §1400 et. seq. Administrative Procedures Act Case |
| Defendants. | |

**INTRODUCTION**

1.  Invoking this Court's jurisdiction pursuant to 20 U.S.C. §§1415(d)(2)(K), 1415(i)(2) and (3) and 28 U.S.C. §§ 1292(b), 1331, 1343(a) (4), 1361, and 1367(a), this action is commenced to enforce a statutory offer of settlement between plaintiffs and defendant Burlingame School District ("District") and to appeal an Order issued by defendant California Office of Administrative

Hearings ("OAH") in an administrative due process hearing brought pursuant to the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et. seq., and related state law.

2.   Plaintiff L. K. is a minor and a disabled student who resides with his parents, plaintiffs L.K. and W. K., within the boundaries of defendant Burlingame School District.

3.   On March 21, 2008, plaintiffs initiated an administrative due process hearing pursuant to the IDEA to resolve a dispute with the District regarding L.K.'s educational needs.   Thereafter, the District made a statutory 10-day offer of settlement pursuant to 20 U.S.C. §1415(i)(3)(D)(i) that plaintiffs timely accepted.  The settlement by its terms resolved all claims therein and provided for a dismissal with prejudice of the entire action. [1]

4.   Thereafter, and despite consideration and justifiable reliance by plaintiffs on the agreement, defendant District attempted to revoke the offer, advising plaintiffs unequivocally that it would not comply with the terms thereof.

5.   Plaintiffs sought enforcement of the agreement and alternatively entry of decision by settlement and entry of judgment from OAH.  On May 23, 2008, OAH issued a ruling denying the requests, holding that it had no authority to grant the relief sought and denying plaintiffs' request for entry of decision by settlement or entry of judgment.

6.   Plaintiffs accordingly bring this action to enforce the settlement agreement reached between the parties.  Plaintiffs further seek remand to OAH for entry of judgment or, in the alternative, entry of decision by settlement.

7.   Interlocutory appeal from OAH's ruling is warranted because the order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

---

[1]  A true and correct copy of the offer and acceptance are attached hereto as Exhibit "A" and hereby incorporated by reference as if fully set forth.

Complaint, Case No. CV 08-02743 JSW

2

28 U.S.C. §1292(b).

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction pursuant to 20 U.S.C. §§1415(d)(2)(K), 1415(i)(2) and (3) and 28 U.S.C. §§ 1292(b), 1331, 1343(a) (4), 1361, and 1367(a).

9.  Venue is proper in the Court under U.S.C. §1391(b).  All of the events that are the subject of this complaint took place within the Northern District of California and the defendant District resides within the Northern District of California.

## INTRADISTRICT ASSIGNMENT

10.  Assignment to the San Francisco Division of the United States District Court for the Northern District of California is appropriate pursuant to the Local Rules for the United States District Court, Northern District of California, Rule 3-2(c) and (d) because all of the events which are the subject of this complaint took place in the County of San Mateo, State of California.

## PARTIES

11.  Plaintiff L.K. is a resident of the County of San Mateo, State of California.  He is a child with disabilities within the meaning of the IDEA.  He brings this action through his mother and Guardian ad Litem, L.K.

12.  Plaintiffs L.K. and W.K are plaintiff L.K.'s parents and are residents of the County of San Mateo, State of California.

13.  Defendant Burlingame School District is, and at all times relevant herein was, a public entity organized and existing under the laws of the State of California.  Pursuant to the IDEA, the Constitution and laws of the State of California, the District has a duty to provide a free, appropriate public education to all children residing within its jurisdictional boundaries.  The District is the "local education agency" within the meaning of 20 USC §1401(19)(A).

14.  Defendant OAH is, and at all times relevant was, a quasi-judicial tribunal and division of the State of California Department of General Services created by California Government Code §11370.  Pursuant to California Education Code  §56504.5, the California Department of Education has contracted with OAH to conduct the due process hearings prescribed by 20 U.S.C. §1415.

15.  There is a present and actual controversy among the parties to this action.  Plaintiffs have exhausted their available administrative remedies and have no other adequate remedy at law.

## STATUTORY SCHEME UNDER IDEA

16.  IDEA was adopted in 1975 to ensure that children with disabilities received a public school education.  In adopting IDEA, Congress found that the educational needs of millions of children with disabilities in the United States were not being fully met (20 U.S.C.  §1400(c)(2)), because, "the children did not receive appropriate educational services" and undiagnosed disabilities prevented the children from having a successful educational experience."  20 U.S.C. §1400(c)(2)(A) and (C).  Therefore Congress adopted the IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . ."  20 U.S.C. § 1400(d)(1)(A).

17.  To resolve disputes between students and school districts, Congress mandated an administrative process and established procedural safeguards including enumerated rights and responsibilities.  One provision thereof is a 10-day "offer of settlement" to a parent that, if rejected, may subject the parent to a limitation on recovery of attorneys' fees and related costs.  20 U.S.C. §1415(i)(3)(D).

Complaint, Case No. CV 08-02743 JSW

**STATEMENT OF FACTS**

18.  Plaintiff L.K. is a 7 year old boy residing with his parents, plaintiffs L.K. and W.K, within the boundaries of the District.  He is eligible for special education services pursuant to the IDEA on the basis of significant speech and language deficits that adversely impact his education.

19.  Over the course of the last two school years, a dispute developed between plaintiffs and the District regarding the appropriateness of the educational program the District had been providing him.  After unsuccessfully attempting to resolve the dispute informally, on March 21, 2008 plaintiffs sought an administrative due process hearing before OAH.  The matter was entitled L. K. v. Burlingame School District and San Mateo County Office of Education; OAH Case No. 2008030820.[2]

20.  Hearing was set to commence on May 13, 2008.  On May 2, 2008, the District served plaintiffs with a written offer of settlement made pursuant to 20 USC §1415(i)(3)(D)(i).  That statute provides:

> "Attorneys' fees may not be awarded ad related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if –
>
> (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
>
> (II) the offer is not accepted within 10 days; and the court or administrative hearing officer find that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement."

21.  The 10-day offer in the present case provided that, in exchange for a dismissal with prejudice of the administrative action and a release and waiver of all claims therein, the District

---

[2]  San Mateo County Office of Education was subsequently dismissed from the action.

Complaint, Case No. CV 08-02743 JSW

would provide L.K., in addition to his present educational program, an additional 10 hours weekly of speech and language services through a mutually agreeable non-public agency, and would pay $5,000 to his parents.

22.  Plaintiffs accepted the offer in writing on May 9, 2008 by faxing the District their unequivocal acceptance, and with L.K. and W.K.'s signatures affixed to the offer of settlement.

23.  On May 12, 2008, the District advised OAH in writing that the 10-day settlement offer had been accepted and requested that the hearing dates be vacated to allow the parties to draft a formal settlement agreement.

24.  OAH in fact vacated the hearing dates and gave notice of a status conference to be held on May 27, 2008.

25.  Thereafter, on May 15, 2008, the District notified plaintiffs in writing that it revoked the 10-day settlement offer and would not comply with the terms thereof.

26.  Plaintiffs immediately sought enforcement of the settlement through motion to OAH and sought, in the alternative, entry of decision by settlement or entry of judgment.  On May 23, 2008, OAH ruled that it had no authority to enforce the agreement and declined to enter either decision or judgment.

27.   OAH's ruling is final and not subject to reconsideration through further administrative appeal.  Plaintiffs are aggrieved by the findings thereof.

28.  Each of these facts is incorporated into each of the claims for relief set forth below.


### FIRST CLAIM FOR RELIEF
For Enforcement of Settlement Agreement
(By plaintiffs against defendant District for violation of the IDEA)

29.  20 USC §1415(i)(3)(D)(i) provides that a written offer of settlement may be made to a parent within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case

of an administrative proceeding, at any time more than 10 days before the proceeding begins. If the offer is not accepted within 10 days, and if the administrative decision is not more favorable than the offer, attorneys' fees may not be awarded and related costs may not be reimbursed to the parent subsequent to the time that the offer was made.

30. Hearing in the administrative action was set to start on May 13, 2008. On May 2, 2008, the District made a written 10-day offer of settlement pursuant to 20 USC §1415(i)(3)(D) to plaintiffs.

31. Plaintiffs accepted the offer within the requisite 10 days and in the manner specified by the offer.

32. The District acknowledged the acceptance in writing, both to plaintiffs and to OAH.

33. In consideration for the offer, plaintiffs agreed to a release and waiver of all claims in the administrative action.

34. Further, in justifiable reliance on the settlement, among other things plaintiffs allowed the hearing dates to be vacated, ceased all hearing preparation and released witnesses from their commitments to appear at the hearing.

35. On May 15, 2008, after the District received plaintiffs' acceptance, and after the District notified OAH that the offer had been accepted, the District attempted to revoke its offer by advising plaintiffs that it would not perform any of the terms and conditions contained therein.

36. The District's attempt to revoke the offer is ineffective. Plaintiffs and the District had a binding and enforceable settlement agreement and plaintiffs are entitled to have the terms of the settlement fully enforced.

37. Plaintiffs stand able and willing to perform all the terms and conditions of the agreement on their part to be performed.

38. Plaintiffs will be harmed by the District's breach of the settlement agreement in that

they will be compelled to (a) obtain the special education services contained therein at their own expense and (b) they will be compelled to prosecute the due process hearing at tremendous personal expenditure of time and expense, in order to obtain the services contained in the settlement agreement and/or reimbursement for those services.

39.  OAH has determined that it does not have authority to enforce the settlement agreement. Accordingly, plaintiffs seek a declaration from this Court that the settlement agreement is valid, binding and enforceable and seeks an order from this Court for enforcement thereof.

## SECOND CLAIM FOR RELIEF

(For Declaratory Judgment Regarding OAH's Authority To Enforce Settlement Agreement)
(By plaintiffs against defendants District and OAH)

40.  In its May 23 Order, OAH ruled that it does not have the authority to enforce a settlement agreement in a special education proceeding.

41.  Contrary to Defendant OAH's May 23, 2008 ruling, plaintiffs contend defendant OAH has inherent authority to enforce settlement agreements in matters pending before it.

42.  Defendant OAH's denial of plaintiffs' request for enforcement of the settlement agreement was contrary to law.

43.  A valid case or controversy exists sufficient for this Court to declare the rights and remedies of the parties with respect to the authority of OAH to enforce settlement agreements reached pursuant to 20 USC §1415(i)(3)(D).  Plaintiffs have a clear, present and beneficial interest in the declaration sought by this Complaint.

44.  Plaintiffs seek declaratory judgment that they are entitled to enforcement of the settlement agreement in the administrative forum.

## THIRD CLAIM FOR RELIEF
For Entry Of Judgment
(By plaintiffs against defendants District and OAH)

45. Plaintiffs contend that the statutory settlement reached pursuant to 20 USC §1415(i)(3)(D)(i) operated as an "offer of judgment" made pursuant to the Federal Rules of Civil Procedure, Rule 68 and/or California Code of Civil Procedure ("CCP") §998.

46. Offers of judgment <u>must</u> be entered when requested by a party. Plaintiffs made such a request, but OAH denied it and refused to enter judgment.

47. There is, accordingly, a clear, present and justiciable dispute between plaintiffs on the one hand, and defendants on the other, as to whether the statutory settlement agreement made pursuant to 20 USC §1415 requires OAH to enter an order of judgment in accordance with the offer's terms.

48. Plaintiffs contend OAH's ruling denying their request for entry of judgment was in error and plaintiffs hereby seek judgment reversing that ruling and remand to OAH for entry of judgment based either on Rule 68 or CCP §998.

**FOURTH CLAIM FOR RELIEF**
For Entry of Decision by Settlement
(By plaintiffs against defendants District and OAH)

50. In the alternative to entry of judgment, OAH has the authority and discretion to render a decision by settlement pursuant to 5 California Code of Regulations §3087. Such a decision can be issued "on terms the parties determine are appropriate so long as the agreed-upon terms are not contrary to law."

51. Plaintiffs requested that OAH enter a decision by settlement in the administrative due process hearing based up the statutory settlement. OAH refused.

52. Accordingly, plaintiffs seek declaratory judgment that the statutory settlement must be

entered as a decision by settlement in the administrative action below and seek remand for that purpose.

## FIFTH CLAIM FOR RELIEF

For Attorneys' Fees and Costs
(By plaintiffs against defendant District)

53.  The IDEA provides for an award of reasonable attorneys' fees and related costs to the parents of a child with a disability who is the prevailing party in any action or proceeding brought under 20 USC §1415.  20 USC §1415((i)(3)(B).

54.  If successful hereunder, plaintiffs are entitled to an award of attorneys' fees and related costs as the prevailing parties in this action.

55.  Furthermore, because the statutory offer of settlement did not include attorneys' fees or costs, plaintiffs seek an award of attorneys' fees and costs in conjunction therewith with respect to the administrative proceeding below.

## REQUEST FOR RELIEF

Plaintiffs respectfully request the following relief:

1.  That the terms of the settlement agreement be enforced;

2. In the alternative, for declaratory judgment and remand to OAH for enforcement of the terms of the settlement agreement;

3. For declaratory relief and remand to OAH for entry of judgment pursuant to Rule 68 and/or CCP §998;

4. In the alternative, for declaratory relief and remand to OAH for entry of decision by settlement;

6. That this Court award plaintiffs costs, disbursements and reasonable attorneys' fees as prevailing parties in the administrative action and herein; and

Complaint, Case No. CV 08-02743 JSW

7.  That the Court order such other and further relief as it may deem proper.

DATED:  June 2, 2008                    Respectfully submitted,


                                        By: _____
                                              Susan J. Bardet
                                              Attorney for Plaintiff