SUSAN J. BARDET SBN 83215
**THE LAW OFFICE OF SUSAN J. BARDET**
204 East Second Avenue, PMB #413
San Mateo, CA 94401
Telephone: (650) 340-9243
Facsimile: (650) 347-4527
Email: sbardet@gmail.com

JANE F. REID, SBN 109642
**THE LAW OFFICE OF JANE F. REID**
5551 Lawton Avenue
Oakland, California 94618
Telephone: (510) 601-6630
Facsimile:  (510) 601-6630
Email: jreid@sonic.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.K., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, L.K.; L.K. and W.K. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| vs. | |
| BURLINGAME SCHOOL DISTRICT and OFFICE OF ADMINISTRATIVE HEARINGS, | |
| Defendants. | |

CASE NO. C 08-02743 JSW

EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE INJUNCTIVE RELIEF

1415(i)(2)
FRCP 65

_____

Plaintiffs hereby apply for a Temporary Restraining Order to enjoin defendants from proceeding with an administrative due process hearing, until the issues raised in the present action have been resolved.

Plaintiffs hereby also apply for an Order to Show Cause why a preliminary injunction should

Ex Parte Application for TRO/OSC Re Preliminary Injunction
Case No. C 08-02743 JSW

1

1    not be granted enjoining defendants in the manner hereinabove described.

2    Plaintiffs filed for a due process hearing before defendant Office of Administrative Hearings

3    ("OAH") in March 2008, seeking to resolve a dispute with defendant Burlingame School District

4    ("District") regarding plaintiff L.K.'s educational program.  Hearing was set to commence on May

5    13, 2008.   On May 2, the District served plaintiffs with a 10-day offer of settlement made pursuant

6    to 20 U.S.C. §1415(i)(3)(D)(i).  The offer was intended to fully and finally resolve the dispute, and

7    it included, among other things, a dismissal of the hearing with prejudice and a waiver of all claims.

8    Plaintiffs unequivocally accepted the offer on May 9. On May 12, the District advised OAH

9    that its offer had been accepted and requested that the hearing dates be vacated to allow the parties

10    to draft a formal settlement agreement.  OAH vacated the hearing dates and gave notice of a status

11    conference to be held on May 27.  Then, on May 15, the District notified plaintiffs that it revoked its

12    settlement offer and would not comply with the terms thereof.

13    Plaintiffs sought enforcement of the settlement agreement through OAH, which ruled that it

14    had no authority to enforce settlement agreements.  Plaintiffs then sought to stay the due process

15    hearing through oral motion at the May 27 status conference, but the motion was denied and OAH

16    scheduled a trial setting conference for June 10.

17    On June 2, plaintiffs filed the present action (to enforce the settlement agreement).  They

18    also filed a motion with OAH that same day to stay the due process hearing.  That motion was

19    denied on June 6.  At the June 10 trial setting conference, plaintiffs again sought to stay the due

20    process hearing, but to no avail.

21    OAH has now scheduled a Trial Setting Conference for June 24, 2008.  The District has

22    given notice that it will seek the earliest possible hearing dates, which will most likely be scheduled

23    within a few weeks after the Trial Setting Conference.  OAH gave plaintiffs time between the June

24    10 and June 24 trial setting conferences to seek injunctive relief.

25    Plaintiffs accordingly seek the present Temporary Restraining Order to stay the due process

26    hearing.   With the hearing set to start, with requisite hearing preparation, in a matter of days, it is

27    clear that great and irreparable injury will result to plaintiffs before the matter can be heard on

28    Ex Parte Application for TRO/OSC Re Preliminary Injunction
Case No. C 08-02743 JSW

1   noticed motion.

2       Plaintiffs hereby request that the Court waive the requirement of a bond in the present case on

3   the basis that the potential hardship plaintiffs will suffer greatly outweigh any potential hardship to

4   defendants and also because the present case involves the enforcement of a clear public interest.

5       This Application is based on the complaint on file herein, on the Declaration of L.K., the

6   Declaration of Susan J. Bardet and the Memorandum of Points and Authorities filed concurrently

7   herewith, on the papers and records on file herein and on such other and further argument and

8   evidence as may be presented at the hearing hereon.

9

10   Dated: June 16, 2008               Respectfully submitted,

11

12                           _____/s/_____

                              Susan J. Bardet

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28              Ex Parte Application for TRO/OSC Re Preliminary Injunction
                        Case No. C 08-02743 JSW

1  SUSAN J. BARDET SBN 83215
   **THE LAW OFFICE OF SUSAN J. BARDET**
2  204 East Second Avenue, PMB #413
   San Mateo, CA  94401
3  Telephone: (650) 340-9243
   Facsimile: (650) 347-4527
4  Email: sbardet@gmail.com

5
   JANE F. REID, SBN 109642
6  **THE LAW OFFICE OF JANE F. REID**
   5551 Lawton Avenue
7  Oakland, California 94618
   Telephone: (510) 601-6630
8  Facsimile:  (510) 601-6630
   Email: jreid@sonic.net
9

10 Attorneys for Plaintiffs

11                  UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13 L.K., A MINOR, BY AND THROUGH HIS       )   CASE NO. C 08-02743 JSW
   GUARDIAN AD LITEM, L.K.; L.K. and       )
14 W.K.                                     )   POINTS AND AUTHORITIES IN
                                            )   SUPPORT OF EX PARTE APPLICATION
15          Plaintiffs,                     )   FOR TEMPORARY RESTRAINING
                                            )   ORDER AND ORDER TO SHOW CAUSE
16                                          )   RE INJUNCTIVE RELIEF
            vs.                             )
17                                          )
   BURLINGAME SCHOOL DISTRICT and          )   1415(i)(2)
18 OFFICE OF ADMINISTRATIVE                 )   FRCP 65
   HEARINGS,                                )
19                                          )
                                            )
20          Defendants.

21 _____

22

23

24        Plaintiffs hereby submit the within Points and Authorities in Support of the Ex Parte

25 Application for Temporary Restraining Order and Order to Show Cause Re Injunctive Relief.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     iii

SUMMARY OF ARGUMENT     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     v

I.  STATEMENT OF RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

II. ISSUES TO BE DECIDED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

III.  LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

A.  Plaintiffs' likelihood of prevailing on the merits - to wit, that the settlement
     at issue is binding and enforceable – is extremely compelling . . . . . . . . . . . . . . . .     4

1.  Plaintiffs have a binding and enforceable settlement with the District . . . . . . . . . . . .     4

2.  The District cannot establish any credible basis to defeat enforcement of the
     settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     5

B.  Plaintiffs will suffer irreparable injury if the injunction is not granted . . . . . . . . .     9

C.  Alternatively, there are serious questions raised and the balance of hardships tips
     sharply in plaintiffs' favor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     10

D.  Plaintiffs have no adequate legal remedy other than an injunction . . . . . . . . . . . . . .     11

E.  The injunction sought will not disserve the public interest . . . . . . . . . . . . . . . . . .     11

IV.  THE COURT SHOULD WAIVE THE REQUIREMENT OF A BOND . . . . . . . .     12

V.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     13

# TABLE OF AUTHORITIES

**Cases**                                                                                                                  **Page**

Arlington Central School District v. Murphy, 548 U.S. 291 (2006)………………………     9

Berg v. Darden, 120 Cal.App.4th 721, 730-31 **(**2004)……………………………………     6

Copeland v. Baskin-Robbins USA, 96 Cal.App.4th 1251, 1257, 117 Cal.Rptr. 875 (2002)…     6

Elliott v. Kiesewetter, 98 F.3d 47, 60 (3rd Cir. 1996). …………………………………………     12

Folsom v. Butte County Assn. of Governments, 32 Cal.3d 668, 677 (1982)…………………     9

Gavina v. Smith, 25 Cal.2d 501, 504 (1944)……………………………………………………     6

Hansson v. Norton, 411 F.3d 231, 235 (D.C. Cir. 2005)…………………………………     4

HNV Central River Front Corp. v. U.S., 32 Fed.Cl. 547, 550 (1995)…………………………     8

International Jensen, Inc. v. Metrosound U.S.A., 4 F.3d 819, 822 (9th Cir. 1993)……………     4

International Telemeter Corp v. Teleprompter Corp., 592 F.2d 49, 55-6 (1979)……………     7

Johnson v. California State Bd. Of Accountancy, 72 F.3d 1427, 1429 (9th Cir.  1995) ……….     4

Lentomyynti Oy v. Medivac, Inc. 997 F.2d 364 (7th Cir. 1993)………………………………     8

Pharmaceutical Society of State of New York, Inc. v. New York State Department of Social
     Services, 50 F.3d 1168, 1174-75 (2nd Cir. 1995). ………………………………………     12

Republic of Phillipines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988). ………………………     11

Sammartano v. First Judicial District Court, 303 F.3d 959, 973 (9th Cir. 002)……………     11

Savoie v. Merchants Bank, 84 F.3d 52, 58 (2nd Cir. 1996)…………………………………………9

Stewart v. Preston Pipeline Inc, 134 Cal.App.4th 1565, 1585 (2005)…………………………     4

Stuhlbarg International Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839-40
     (9th Cir. 2001)……………………………………………………………………     4, 10

(iii)

**Statutes**

United States Code

20 U.S.C. §1400 et seq.…………………………………………………………….. 1

20 U.S.C. § 1415(b)(6)(B).………………………………………………………….10

20 U.S.C. §1415(e).…………………………………………………………………    10

20 U.S.C. §1415(f)(I)(B) …………………………………………………………    10

20 U.S.C § 1415(i)(2).………………………………………………………………. 4

20 U.S.C. 1415(i)(3)(D)(i)………………………………………………………….  1, 10

California Civil Code

§1550.……………………………………………………………………………….   4

§1586 ……………………………………………………………………………….. 4

California Education Code

§56505((f)(3).……………………………………………………………………    12

**Regulations**

34 C.F.R. §300.515(c).………………………………………………………………    12

Points and Authorities in Support of Ex Parte Application for TRO/OSC Re Preliminary Injunction
Case No. C 08-02743 JSW

## SUMMARY OF THE ARGUMENT

Plaintiffs filed for a due process hearing before defendant Office of Administrative Hearings ("OAH") in March 2008, seeking to resolve a dispute with defendant Burlingame School District ("District") regarding plaintiff L.K.'s educational program.  Hearing was set to commence on May 13, 2008.  On May 2, the District served plaintiffs with a 10-day offer of settlement made pursuant to 20 U.S.C. §1415(i)(3)(D)(i).  The offer was intended to fully and finally resolve the dispute, and it included, among other things, a dismissal of the hearing with prejudice and a waiver of all claims.

Plaintiffs unequivocally accepted the offer on May 9. On May 12, the District advised OAH that its offer had been accepted and requested that the hearing dates be vacated to allow the parties to draft a formal settlement agreement.  OAH vacated the hearing dates and gave notice of a status conference to be held on May 27.  Then, on May 15, the District notified plaintiffs that it revoked its settlement offer and would not comply with the terms thereof.

Plaintiffs sought enforcement of the settlement agreement through OAH, which ruled that it had no authority to enforce settlement agreements.  Plaintiffs then sought to stay the due process hearing but OAH denied that relief and scheduled a trial setting conference for June 24.  Hearing will commence within a few weeks thereafter.  Defendant Burlingame School District has rebuffed plaintiffs' attempts to reach informal agreement to stay the administrative hearing.

The settlement constitutes a binding and enforceable agreement.  California Civil Code §1550; §1586.  Plaintiffs seek enforcement of that agreement.  OAH has ruled that it cannot enforce the settlement or stay the hearing on its own.   Plaintiffs will incur irreparable harm if they have to either proceed to a hearing before the settlement dispute has been resolved or, alternatively, dismiss the hearing.  Accordingly, plaintiffs seek a preliminary injunction staying the administrative hearing pending resolution of the present action to enforce the settlement.  Because hearing will commence before this matter can be heard as a regularly scheduled motion, plaintiffs also seek the extraordinary remedy of a temporary restraining order.

Points and Authorities in Support of Ex Parte Application for TRO/OSC Re Preliminary Injunction
Case No. C 08-02743 JSW

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs respectfully submit these points and authorities in support of their Application for Temporary Restraining Order and Order to Show Cause re Injunctive Relief.

**I - STATEMENT OF RELEVANT FACTS**

Plaintiff L.K. is a 7 year old child, eligible for special education pursuant to the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, <u>et</u>. <u>seq</u>., by virtue of significant speech and language deficits. Over the course of the last several school years, a dispute developed between plaintiffs and defendant Burlingame School District ("District") regarding the appropriateness of his educational program. After unsuccessfully attempting to resolve the dispute informally, plaintiffs sought a hearing before defendant Office of Administrative Hearings ("OAH"). Declaration of L.K. ("L.K. Decl.") submitted concurrently herewith, ¶¶1-6.

The request for hearing was filed on March 21, 2008 and hearing was set to start on May 13, 2008. Declaration of Susan J. Bardet, ("Bardet Decl.") submitted concurrently herewith, ¶¶. 1-3. On May 2, the District served plaintiffs with a written 10-day statutory offer of settlement made pursuant to 20 U.S.C. §1415(i)(3)(D)(i). That statute provides:

> "Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if –
>
> (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
>
> (II) the offer is not accepted within 10 days; and
>
> (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement."

The offer provided that, in exchange for plaintiffs' dismissal with prejudice of the administrative action and release and waiver of all claims therein, the District would provide L.K.

1  with an extra 10 hours weekly of speech and language services through a mutually agreeable non-

2  public agency in addition to his present educational program, and would pay $5,000 to his parents.

3  Exhibit A;[1] Bardet Decl.,  ¶4.

4      The District subsequently clarified the duration of the extra services.  Thus, item 2 of the

5  offer, for speech and language services "during the school year and extended school year," was

6  clarified to mean starting as soon as possible and continuing through the 2008-09 school year and

7  extended school year. Exhibit B; Bardet Decl., ¶¶5-7.

8      On May 9, plaintiffs accepted the offer in writing and in the manner specified by the

9  District. The acceptance was faxed to the District that same day.  Exhibit C; Bardet Decl., ¶13.  At

10  the same time, plaintiffs provided the District with a proposed formal settlement agreement.  In the

11  accompanying letter, they made clear they were doing so purely as a matter of convenience, to

12  expedite formalizing the settlement. Exhibit D; Bardet Decl., ¶14.  By email dated May 10, the

13  District acknowledged receipt of the acceptance.  Bardet Decl., ¶15.

14      On May 12, the District advised OAH in writing that the statutory offer had been accepted

15  and requested that the hearing dates be vacated to allow the parties to draft a formal settlement

16  agreement.  Exhibit E; Bardet Decl., ¶16.  OAH complied and set a status conference for May 27.

17  Bardet Decl., ¶17.

18      Thereafter, on May 15, the District notified plaintiffs that it would "not recognize" plaintiffs'

19  acceptance and did not consider the matter settled. Exhibit F; Bardet Decl., ¶18.  In short, the

20  District attempted to revoke its statutory offer, **after it had been accepted**.

21      Plaintiffs immediately sought to enforce the settlement through motion to OAH, therein also

22  requesting entry of decision by settlement or entry of judgment. On May 23, OAH ruled it had no

23  authority to enforce the settlement and declined to enter either a decision by settlement or judgment.

24  Exhibit G; Bardet Decl., ¶19.  At the May 27 status conference, plaintiffs made an oral motion to

25

26  [1]  All exhibits attached hereto are true and correct copies and by their reference are incorporated
herein as if fully set forth.  Additionally, all exhibits referenced herein have been authenticated
27  through the Declarations of L.K. and/or Susan J. Bardet, submitted concurrently herewith.

28

1  stay the hearing.  OAH denied the motion and set a Trial Setting Conference ("TSC") for June 10.

2  Bardet Decl., ¶20.

3         Plaintiffs then asked the District to stipulate to stay the hearing, but the District declined,

4  stating it wanted to move the case to hearing as soon as possible.  Exhibit H; Bardet Decl., ¶21.

5         On June 2, plaintiffs filed the present action for enforcement of the statutory offer of

6  settlement and entry of judgment or decision by settlement.  It gave notice of the action to OAH and

7  the District and filed a motion seeking to stay the administrative hearing until this action is decided.

8  Bardet Decl., ¶22.  On June 6, OAH denied the motion.  Exhibit I; Bardet Decl., ¶23.  Plaintiffs

9  sought reconsideration of the denial, but that, too was denied.  Bardet Decl., ¶23.

10        At the June 10 TSC, plaintiffs orally renewed their motion for a stay. OAH advised it could

11 not issue a stay of its own accord and required a court order to do so. The District repeated its

12 position that the hearing should start as soon as possible.  OAH continued the TSC for two weeks

13 and advised that hearing would be set to begin soon thereafter.  Customarily, hearings start within

14 3 weeks following the TSC.  Exhibit J; Bardet Decl., ¶¶24-25.

15        Plaintiffs strongly believe the settlement is binding and enforceable.  It makes no sense for

16 plaintiffs to proceed with the hearing only to have the settlement subsequently enforced by this

17 Court.  Alternatively, plaintiffs could withdraw the request for hearing before OAH.  However, in

18 the (unlikely) event the Court finds the settlement somehow unenforceable, many of their claims

19 would be lost to the statute of limitations.  For these reasons, plaintiffs seek a stay of the

20 administrative hearing until the action in this Court has been heard and decided.

21

22                                **II-ISSUES TO BE DECIDED**

23

24        **1.**  Should the Court issue a temporary restraining order to prohibit defendant OAH from

25 proceeding with the administrative proceedings until the action in this Court has been heard and

26 decided?

27        2.  Should the Court issue a Preliminary Injunction prohibiting any further action in the

28

1    administrative proceedings until the action in this Court has been heard and decided?

2

3                              **III - LEGAL ARGUMENT**

4

5         The IDEA authorizes appeal to federal district courts.  20 U.S.C § 1415(i)(2).  Further, the

6    statutory settlement at issue arises under a federal statute and the settlement itself incorporates

7    substantive provisions of federal law such that enforcement requires the interpretation and

8    application of federal law.   Thus, this Court has federal question jurisdiction (<u>Hansson v. Norton</u>,

9    411 F.3d 231, 235 (D.C. Cir. 2005)) and the authority to issue the injunction plaintiffs seek.

10         To obtain a temporary restraining order and preliminary injunction, plaintiffs must show

11   either (1) a combination of probable success on the merits and the possibility of irreparable injury,

12   or (2) that serious questions are raised and that the balance of hardships tips sharply in their favor.

13   <u>Stuhlbarg International Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839-40 (9th Cir. 2001).

14   "These alternative standards are not separate tests but the outer reaches of a single continuum."

15   <u>International Jensen, Inc. v. Metrosound U.S.A.</u>, 4 F.3d 819, 822 (9th Cir. 1993).

16

17        **A. Plaintiffs likelihood of prevailing on the merits - to wit, that the settlement at issue is
          binding and enforceable – is extremely compelling.**

18

19        1.  <u>Plaintiffs have a binding and enforceable settlement with the District</u>.

20        The term "likelihood of prevailing" means more than a negligible chance.  In the Ninth

21   Circuit it means a "fair chance" of success on the merits.  <u>Johnson v. California State Bd. Of</u>

22   <u>Accountancy</u>, 72 F.3d 1427, 1429 (9th Cir.  1995).  Plaintiffs' likelihood herein of prevailing on the

23   merits is far more than negligible or fair. It is extremely compelling.

24        It is the most basic contract law that a binding contract consists of an offer, acceptance and

25   consideration (or justifiable reliance).  California Civil Code ("CC") §1550.  Once accepted, the

26   offer cannot be revoked. CC §1586.  Settlement agreements are contracts and are analyzed as such.

27   <u>Stewart v. Preston Pipeline Inc</u>, 134 Cal.App.4th 1565, 1585 (2005).

28

1    In the present case, the District made an offer, plaintiffs accepted it, and in consideration

2    plaintiffs agreed to dismiss the action with prejudice and waive and release all claims therein.

3    Additionally, plaintiffs justifiably relied to their detriment on the offer by agreeing to vacate the

4    hearing dates, releasing witnesses from their commitments to appear at the hearing, and ceasing

5    hearing preparations. Bardet Decl., ¶15.  Thus, in the most fundamental sense, a binding settlement

6    was reached between the parties.  The District's attempt to revoke the offer or "not recognize" the

7    settlement is simply ineffective.

8

9        2.  <u>The District cannot establish any credible basis to defeat enforcement of the settlement</u>.

10    The District has contended the settlement is not enforceable for various reasons.[2]  Although

11    none of the contentions have merit, plaintiffs will attempt to summarize them here.

12    First, the District maintains that although proposals and counter-proposals were exchanged,

13    there was no "meeting of the minds."  Plaintiffs do not understand this contention, since the District

14    drafted the offer and expressly identified it as a statutory offer of settlement. It contains discrete and

15    explicit terms and plaintiffs unequivocally accepted it <u>on the form provided by the District</u> and in

16    the manner it specified.

17    The District may be confusing the statutory offer with the proposed formal settlement

18    agreement.  In the present case, after accepting the statutory offer, plaintiffs submitted a proposed

19    formal settlement agreement for the District's consideration.  However, in so doing, they specified

20    this was done purely as a convenience and only as a proposal.  To be clear here, plaintiffs are <u>not</u>

21    seeking to enforce the formal settlement agreement.  They are seeking to enforce the May 2

22    statutory offer of settlement <u>that the District drafted</u>.

23    Plaintiffs' acceptance of the settlement offer was sufficient to create a binding agreement.  It

24    is immaterial that the parties also contemplated drafting a more formal settlement agreement.  As

25    the California Supreme Court made clear long ago, as long as the parties have agreed upon the

26

27    [2]  These contentions have been put forth in various letters between counsel and motions before
      OAH in opposition to plaintiffs' attempts to address this matter in the administrative forum.

28

material terms, an agreement is binding even when the parties contemplate drafting a subsequent more formal agreement.  In <u>Gavina v. Smith</u>, 25 Cal.2d 501, 504 (1944), in ruling on whether an exercised lease option constituted a binding agreement, the Court held:

> 'The mere fact that a written lease was in contemplation does not relieve either of the contracting parties from the responsibility of a contract which was already expressed in writing. When one party refuses to execute the lease according to the contract thus made, the other has a right to fall back on the written propositions as originally made, and the absence of the formal agreement contemplated is not material.' (Citations omitted).

Accordingly, the fact that the parties here contemplated a more formal settlement agreement does not in any way mitigate the binding nature of plaintiffs' acceptance of the District's statutory offer of settlement.

Another possibility is that the District believes plaintiffs' request for clarification of the terms of the offer somehow impacted the "meeting of the minds."  Case law has made clear, however, that mere clarification does not constitute rejection, and a statutory offer is not deemed rejected by a request for clarification.  <u>Berg v. Darden</u>, 120 Cal.App.4th 721, 730-31 (2004).

Finally, the District may contend there was no meeting of the minds because the term pertaining to the provision of speech and language services specified that the provider would be "mutually agreed-upon."  However, this does not render the agreement unenforceable. It is well-established that a contract that leaves a term to be later negotiated is nonetheless binding.  <u>Copeland v. Baskin-Robbins USA</u>, 96 Cal.App.4th 1251, 1257 (2002).[3]

Plaintiffs are unaware of any other basis on which the District might contend there was no

---

[3]  It is worth noting that, in special education, it is standard practice to enter into agreements for a "mutually-agreeable" service provider.  This is because providers become unavailable for many reasons (move, scheduling, go out of business, change the character of the service they provide, etc.) and the child changes over time as well. Thus, agreements are often reached whereby a particular type of service is agreed upon, but the specific provider is to be selected later by the educational team and the family.  Further, in the present matter, there is a very limited pool of potential service providers to choose from, making the scope the option very narrow.  Bardet Decl., ¶26-27.

1  "meeting of the minds" in the present action.

2      Second, the District may contend its attorney was not authorized to make the statutory offer.

3  This contention is belied by the fact that the District's counsel copied his client (Lourdes Desai, the

4  District's Director of Special Education) on certain correspondence pertaining to the offer, including

5  the May 2 letter setting forth the offer.  The statutory offer itself opens by stating: "This letter serves

6  as the Burlingame School District's ("District") written offer of settlement . . ." with Ms. Desai

7  copied on the last page.  (Exhibit A).  Also, in negotiating the settlement, there were numerous

8  instances in which the District's attorney advised plaintiffs' attorney he had to discuss questions or

9  issues raised with Ms. Desai and would later confirm that he had done so.  He never mentioned that

10  his client had not authorized him to make the settlement offer.  In fact, he made specific

11  representations that his client wished to rely upon the 10-day offer and wanted the family to choose

12  between accepting the 10-day offer or go to hearing.  Bardet Decl., ¶¶ 8-12.

13      At a minimum, the District's attorney had apparent authority to settle the case and that is

14  sufficient to create a binding agreement.  In <u>International Telemeter Corp v. Teleprompter Corp.</u>,

15  592 F.2d 49, 55-6 (1979), a dispute arose over whether a settlement agreement negotiated by a

16  party's attorney could bind that party. In upholding the settlement, the Court held the attorney had

17  apparent authority to settle the case, and opposing counsel has no reason to doubt that authority.

18      In the present matter, it is simply not credible that the District's attorney had no authority to

19  make the statutory offer.  However, taking this matter at face value, at best it militates towards an

20  evidentiary hearing thereon and should not preclude the injunction plaintiffs seek.

21      Third, the District may contend it did not sign the settlement and therefore it is not binding.

22  In this regard, it again appears the District is confounding the statutory offer with the proposed

23  formal settlement offer.  It is the statutory offer, not the proposed formal settlement agreement,

24  plaintiffs are seeking to enforce. That the District did not sign the formal settlement agreement is

25  irrelevant.  That counsel, rather than his client, signed the statutory offer is also irrelevant, since it

26

27

28

1  was done with apparent authority.[4]

2      Fourth, the District may claim the offer could not be binding until ratified by the District's

3  Board of Trustees. However, ratification was never a part of the statutory offer. The District appears

4  to be creating new terms that were not part of the original offer.  Furthermore, ratification is not an

5  absolute prerequisite for an offer to bind a governmental agency.  Further, ratification is not

6  necessary where approval has been given in advance. Finally, even where ratification is necessary, a

7  party may be estopped from denying that its attorney had authority to enter into a settlement

8  agreement when it fails to seasonably disavow the agreement.  HNV Central River Front Corp. v.

9  U.S., 32 Fed.Cl. 547, 550 (1995).  In the present case, there is ample evidence that not only Ms.

10  Desai, but the District's Board of Trustees and superintendent were fully on notice of the settlement

11  proposal no later than May 6.[5]  Thus, regardless of which of these three possibilities might come

12  into play here, the issue of ratification should not prevent the injunction from issuing.  At a

13  minimum, the status quo should be maintained pending an evidentiary hearing, if necessary.

14      Fifth, the District may argue that the settlement contained a "mistake on its face" in that it

15  believes 10 hours weekly of additional speech and language services is an excessive amount of

16  service for L.K.  This, however, is not a basis on which to deny enforcement.  A court is not

17  required to examine the reasonableness of a defense settlement offer. Lentomyynti Oy v. Medivac,

18  Inc. 997 F.2d 364 (7th Cir. 1993).  The only issue is whether or not the agreement is enforceable.

19  Nonetheless, plaintiffs are prepared to prove that the additional 10 hours weekly of speech and

20  language services (which include pragmatics) is not excessive or inappropriate for L.K., and in fact

21  his parents have been providing him that level of service since March 2007. L.K. Decl., ¶9.

22

23

24  [4]  One can only wonder what the position the District might take if this matter proceeds to hearing
and plaintiffs fail to obtain a more favorable decision. It is simply unfathomable the District made

25  an express statutory offer of settlement it now claims is unenforceable.

26  [5]  Plaintiffs (not through counsel) wrote the Board a letter on May 6, discussing the terms of the
settlement offer and requesting that the Board consider a better settlement.  The letter was sent by

27  email and hand-delivery and the District's counsel confirmed it had been received. Exhibit K; L.K.
Decl., ¶¶7-8; Bardet Decl., ¶11.

28

1    In sum, plaintiffs are, without doubt, "reasonably likely" to prevail on the merits of the

2    present action.  The District made a 10-day statutory offer that plaintiffs unequivocally accepted.

3    That offer is now a binding and enforceable agreement and there is no valid basis for the District to

4    contend otherwise.  A statutory offer of settlement, once accepted, is decisive of the rights of the

5    parties thereto and operates as a bar to the reopening of the original controversy. Folsom v. Butte

6    County Assn. of Governments, 32 Cal.3d 668, 677 (1982).  Accordingly, the due process hearing

7    before OAH must be stayed pending enforcement herein of the settlement.

8

9    **B.  Plaintiffs will suffer irreparable injury if the injunction is not granted**

10    If the due process hearing is not stayed, plaintiffs will be faced with two bad options:  either

11    litigate the due process hearing at the same time as the present action, or withdraw the due process

12    hearing.  With either of these two options, plaintiffs will incur irreparable injury.

13    The downside to the first option is obvious.  If plaintiffs opt to go forward with the due

14    process hearing, they will have to spend an enormous amount of time and money preparing for and

15    prosecuting the action.  Plaintiffs anticipate the hearing to take at least 8 days, they have identified

16    no less than 18 witnesses - 8 of which are expert witnesses[6] - to testify on L.K.'s behalf, and the

17    attorneys' fees and costs incurred will be significant.  Bardet Decl., ¶28.

18    Further, the outcome could result in still more litigation if, after the administrative hearing,

19    the settlement is then found to be enforceable after all.  Irreparable injury may be found where the

20    moving party would need to conduct multiple lawsuits to obtain the same relief if the preliminary

21    injunction were denied. Savoie v. Merchants Bank, 84 F.3d 52, 58 (2nd Cir. 1996).  Needless to say,

22    it is well within the interests of justice and judicial economy to stay the hearing pending the

23    outcome herein.

24    Additionally, proceeding with a (most likely needless) hearing will create a tremendous

25

26    _____

27    [6]  Under Arlington Central School District v. Murphy, 548 U.S. 291 (2006), plaintiffs cannot
recover expert witness costs, regardless of the outcome of the case.   Thus, win, lose or draw,
plaintiffs will incur significant costs in this regard.

28

amount of hostility between plaintiffs and the District.  This would constitute significant irreparable

injury in that plaintiff L.K. is only 7 years old and plaintiffs anticipate a long relationship with their

school district.  It is the intention and spirit of the IDEA that families and school personnel should

work together in a spirit of cooperation and that disputes should be resolved as expeditiously as

possible.  To this end, the statute provides for mandatory resolutions sessions when disputes arise

(20 U.S.C. §1415(f)(I)(B)) as well as mediation (§1415(e)), and it encourages settlement by virtue

of the very section at issue here: §1415(i)(3)(D)(i).  Proceeding with a hearing will involve the

cross-examination and confrontation of the very teachers, therapists, aides and administrators

directly responsible for working with L.K. on a daily basis.  In fact, one of the reasons plaintiffs

accepted the statutory offer was to avoid the hostility and impaired relationships that a hearing, by

necessity, engenders.  L.K. Decl., ¶10.  To force plaintiffs to now proceed would create a rift

extremely difficult to heal.

With respect to the second option, while plaintiffs are convinced that the statutory settlement

is binding and enforceable, it is possible there is some nuance of which they are unaware, that could

result in this Court ultimately ruling unfavorably. If the due process hearing has been withdrawn

and plaintiffs thereafter re-file, they will lose a sizeable portion of their claims to the applicable

statute of limitations The IDEA contains a two-year statute of limitations. 20 U.S.C.

§1415(b)(6)(B).  Assuming plaintiffs re-file in June 2009, they could lose all claims through June

2007 to the statute of limitations and be precluded from recovering more than $25,000 worth of

claims.  L.K. Decl., ¶11.


**C.  Alternatively, there are serious questions raised and the balance of hardships tips**

**sharply in plaintiffs' favor.**

As an alternative to the test of "likelihood of success and irreparable injury," injunctions

may also be granted where there are "serious questions" as to these matters and the balance of

hardships tips sharply in plaintiff's favor.  Stuhlbarg, supra, at 839-840.  "Serious questions" mean a

fair chance of success on the merits that cannot be resolved one way or the other at the injunction

hearing <u>and</u> "as to which the court perceives the need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo." <u>Republic of Phillipines v. Marcos</u>, 862 F.2d 1355, 1362 (9th Cir. 1988).

On this basis it is clear the Court should grant the injunction.  Assuming that enforceability of the settlement is not blatantly evident from the facts, at a minimum plaintiffs have demonstrated they have (at least) a fair chance of success on the merits but that the questions that remain cannot be resolved one way or the other at this stage of the proceedings.  However, the balance of hardships tips sharply in plaintiffs' favor.  The injury they risk has been described above. Defendants, on the other hand, will suffer no injury at all.  If the injunction is granted, they do not need to <u>do</u> anything. Both defendants will simply go about their business. If, ultimately, this matter is not resolved in plaintiffs' favor, the hearing can then proceed. In the meantime, the District will suffer no damage in <u>not</u> having to prepare for a lengthy hearing or comply with the settlement for a while, and OAH will suffer no damage in <u>not</u> hearing the matter.

Thus, it is in everyone's interests to maintain the status quo, and it will most definitely cause plaintiffs great hardship if the status quo is not maintained.

**D.  Plaintiffs have no adequate legal remedy other than an injunction.**

Plaintiffs have no adequate remedy at law that would address the kind of irreparable injury they will suffer if the injunction is denied.  They cannot recover damages from either defendant if forced to litigate the due process hearing before resolution in this action, nor can they recover damages for their loss of claims due to the statute of limitations.  And no dollar figure at all can be attached to the lost relationships between L.K. and his teachers.  The only way equitable way to proceed in the present action is to stay the hearing below pending conclusion of the present action.

**E.      The injunction sought will not disserve the public interest.**

Within the Ninth Circuit, the Court must also consider the public interest when it assesses the propriety of issuing an injunction.  <u>Sammartano v. First Judicial District Court</u>, 303 F.3d 959,

1   973 (9th Cir. 2002). In the present case, the injunction impacts no one except the parties hereto.

2   Further, as set forth above, granting the injunction poses no burden whatsoever on defendants.

3       OAH may argue there is a public interest in preserving the IDEA's requirement that hearings

4   be heard and decided within 45 days. While such a requirement does exist, it is not without

5   flexibility. The 45 days can be extended at the request of either party and upon a showing of good

6   cause. <u>See</u>, 34 C.F.R. §300.515(c) "A hearing or reviewing officer may grant specific extensions of

7   time beyond the periods set out in paragraphs (a) and (b) of this section at the request of either

8   party"; and Ed. Code §56505((f)(3): "Either party to the hearing may request the hearing officer to

9   grant an extension." In fact, the 45-day period has already expired.

10      Resolving the settlement issue constitutes good cause for extending the 45-day provision.

11  Plaintiffs are the only people who will be impacted by extending it. No one else is involved.

12  Granting the stay will harm no one. Denying it will leave plaintiffs with only untenable choices.

13

14          **IV - THE COURT SHOULD WAIVE THE REQUIREMENT OF A BOND**

15      With respect to the bond requirement, this Court should waive the requirement of a bond.

16  Such waiver is proper because the balance of the potential hardship each party will suffer tips

17  overwhelmingly against plaintiffs. <u>Elliott v. Kiesewetter</u>, 98 F.3d 47, 60 (3rd Cir. 1996). In the

18  present case, the injunction sought does not impose any cost at all to either defendant. In fact, it

19  will be <u>less</u> costly for them if the injunction is granted rather than denied.

20      Furthermore, the present case involves the enforcement of a clear public interest - the

21  upholding of statutory offers of settlement made pursuant to the IDEA and the resolution of disputes

22  between families and school districts. This interest arises out of a comprehensive federal statute

23  pertaining to the health and welfare of the public (the rights pertaining to the education of disabled

24  students). <u>Pharmaceutical Society of State of New York, Inc. v. New York State Department of</u>

25  <u>Social Services</u>, 50 F.3d 1168, 1174-75 (2nd Cir. 1995). Thus, the requirement of a bond may be

26  waived.

27

28

1

**V - CONCLUSION**

2      In conclusion, this Court has the authority to enjoin defendants from proceeding with the

3   administrative due process hearing until the present action has been resolved.  OAH will not stay the

4   hearing without an order from this Court and the District is pressing for the first possible hearing

5   dates.  The hearing will most likely be set to start within the next few weeks.

6      Plaintiffs have met the criteria necessary for the injunction to be granted.  There is

7   significant likelihood they will prevail on the merits of the action, and they will suffer irreparable

8   injury if the injunction is not granted.  The balance of hardships tips *sharply* in their favor for

9   granting the injunction.  In fact, defendants will suffer <u>no</u> hardship should the injunction be granted.

10  The public interest is not disserved and plaintiffs have no adequate legal remedy.

11     Thus, plaintiffs respectfully request that this Court issue an injunction staying the hearing

12  before OAH until the proceedings in the present action have been concluded.

13

14  Dated:  June 16, 2008                    Respectfully submitted,

15

16                                        _____/s/_____
                                          Susan J. Bardet
17

18

19

20

21

22

23

24

25

26

27

28

TRACY L. TIBBALS
ATTORNEY AT LAW
ttibbals@mbdlaw.com

SAN FRANCISCO



**MILLER
BROWN
DANNIS**
ATTORNEYS

May 2, 2008

**VIA FACSIMILE ONLY**

**CONFIDENTIAL SETTLEMENT COMMUNICATION**

Susan Bardet, Esq.
PMB 413
204 E. 2nd Avenue
San Mateo, CA 94401

Re:     *L—   K       v. Burlingame School District*
        OAH No.: 2008030820
        Our File: 1605.11006
        20 U.S.C. § 1415(i)(3)(D)(i) and 34 C.F.R. § 300.517(c)(2)(i)
        Confidential Offer of Settlement[1/]

Dear Ms. Bardet:

This letter serves as the Burlingame School District's ("District") written offer of
settlement in the above-entitled matter pursuant to 20 U.S.C. Section 1415(i)(3)(D).
This offer supersedes any prior settlement offers with regard to Office of Administrative
Hearings ("OAH") Case No. 2008030820 and is limited to settlement of all of K—
L—'s educational claims in OAH Case No. N2007100455. If you accept this offer, the
above referenced matter will be resolved.

In consideration for a complete dismissal of OAH Case No. 2008030820 with prejudice,
and release and waiver of all claims therein, the District offers the following:

1.      The District will continue to implement L—'s current IEP.

2.      The District will provide an additional ten hours per week, during the school
        year and extended school year, of speech and language services through a
        mutually agreeable non-public agency.

---

[1/] The District reserves its right to waive the confidentiality of this settlement
offer.

**SAN FRANCISCO**
71 Stevenson Street
Nineteenth Floor
San Francisco, CA 94105
Tel 415.543.4111
Fax 415.543.4384

**LONG BEACH**
301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802
Tel 562.366.8500
Fax 562.366.8505

**SAN DIEGO**
750 B Street
Suite 2310
San Diego, CA 92101
Tel 619.595.0202
Fax 619.702.6202
www.mbdlaw.com

CONFIDENTIAL SETTLEMENT
COMMUNICATION
Susan Bardet, Esq.
May 2, 2008
Page 2

    3.      The District will pay the sum of $5,000 to L     's parents.

This offer of settlement expires in ten (10) days. Pursuant to 20 U.S.C. Section 1415(i)(3)(D), if this written offer is not accepted within ten (10) days, and a court or hearing officer finds that the relief finally obtained by Petitioner in the above-referenced matter is not more favorable to Petitioner than this offer of settlement, Petitioner's attorneys' fees may not be awarded and related costs may not be reimbursed for services performed subsequent to the time this written offer was transmitted to Petitioner.

Petitioner may accept this offer of settlement by signing below and transmitting the signed document via facsimile to (415) 543-4384 or by e-mail to ttibbals@mbdlaw.com, and regular mail to:

Tracy L. Tibbals
Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105

If you accept this offer, the District will draft a settlement agreement memorializing the parties' agreement.

If you have any questions or comments regarding this settlement offer, please contact me immediately. We remain hopeful that the parties can amicably and promptly resolve this dispute. Thank you for your anticipated cooperation.

Very truly yours,

MILLER BROWN & DANNIS

Tracy L. Tibbals

TLT/ccc

CONFIDENTIAL SETTLEMENT
COMMUNICATION
Susan Bardet, Esq.
May 2, 2008
Page 3

We hereby accept the District's offer, as set forth above, to settle all educational claims
made on behalf of I⸱ ⸱ K⸱⸱⸱ ⸱ in OAH Case No. 2008030820.

Dated:  May ___, 2008          _____
                                W⸱ ⸱ ⸱ ⸱ Father

Dated:  May ___, 2008          _____
                                I⸱ ⸱ K⸱⸱ ⸱ Mother

cc:     Lourdes Desai



Susan Bardet <sbardet@gmail.com>

## Your 10 day offer of settlement

Tracy Tibbals <TTibbals@mbdlaw.com>                                    **Mon, May 5, 2008 at 6:54 AM**
To: Susan Bardet <sbardet@gmail.com>

CONFIDENTIAL COMMUNICATION

Susan

Thank you for your response to my letter.

The NPA services are through the 2008-2009 school year, but could start as soon as possible during this year. The District believes that L██ ██'s primary challenge is in speech and language. There is a social component imbedded in such programs.

The monetary figure was a lump sum to divide up as the K██ desire.

The mention of another person's name with regard to claims where Li████'s name should appear was an inadvertent typo. Please disregard the error and read L██'s name in the same place. I apologize.

Yes, I did learn of the settlement with the SMCOE. I have verified that the COE still has available hearing room facilities for the week of May 19, when the District cannot accommodate us.

I can discuss any element of the ten-day offer further should you have additional questions or wish to propose a counter.

Best regards,

Tracy L. Tibbals
Attorney at Law
Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Tel: (415) 543-4111
Fax: (415) 543-4384
ttibbals@mbdlaw.com
www.mbdlaw.com

This email message is for the sole use of the intended recipient(s). It may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient(s), please alert the sender by reply email and destroy all copies of the original message. Thank you.

**From:** Susan Bardet [mailto:sbardet@gmail.com]
**Sent:** Sunday, May 04, 2008 10:11 PM
**To:** Tracy Tibbals
**Subject:** Your 10 day offer of settlement

Dear Tracy,

CONFIDENTIAL SETTLEMENT COMMUNICATION

 

Susan Bardet <sbardet@gmail.com>

# Ki

---

**Tracy Tibbals <TTibbals@mbdlaw.com>**                    Fri, May 9, 2008 at 5:05 PM
To: Susan Bardet <sbardet@gmail.com>
Cc: Lourdes Desai <ldesai@bsd.k12.ca.us>

Hi Susan,

I have been unable to reach anyone at the District since our last telephone conversation. I can, however, confirm that with respect to item 1, the intention of the 10-day offer is to encompass the 2008-2009 school year and ESY.

I cannot confirm item 2 as drafted at this time.  The 10-day offer, however, does provide for a "mutually agreeable non-public agency."  Although I cannot bind the District, my understanding of speech and language therapy is that "pragmatic language skills" are part of the program.

I shall be available throughout the weekend.

Happy Mothers' Day.

Best Regards,

Tracy L. Tibbals
Attorney at Law
Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Tel: (415) 543-4111
Fax: (415) 543-4384
ttibbals@mbdlaw.com
www.mbdlaw.com

This email message is for the sole use of the intended recipient(s).  It may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient(s), please alert the sender by reply email and destroy all copies of the original message.  Thank you.

---

**From:** Susan Bardet [mailto:sbardet@gmail.com]
**Sent:** Friday, May 09, 2008 4:44 PM
**To:** Tracy Tibbals
**Subject:** K



**TRACY L. TIBBALS**
ATTORNEY AT LAW
ttibbals@mbdlaw.com

SAN FRANCISCO

MILLER
BROWN
DANNIS
ATTORNEYS

May 2, 2008

<u>**VIA FACSIMILE ONLY**</u>

<u>**CONFIDENTIAL SETTLEMENT COMMUNICATION**</u>

Susan Bardet, Esq.
PMB 413
204 E. 2nd Avenue
San Mateo, CA 94401

**SAN FRANCISCO**
71 Stevenson Street
Nineteenth Floor
San Francisco, CA 94105
Tel 415.543.4111
Fax 415.543.4384

**LONG BEACH**
301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802
Tel 562.366.8500
Fax 562.366.8505

**SAN DIEGO**
750 B Street
Suite 2310
San Diego, CA 92101
Tel 619.595.0202
Fax 619.702.6202
www.mbdlaw.com

Re:    *L⸺ K        v. Burlingame School District*
       OAH No.: 2008030820
       Our File: 1605.11006
       <u>20 U.S.C. § 1415(i)(3)(D)(i) and 34 C.F.R. § 300.517(c)(2)(i)</u>
       <u>Confidential Offer of Settlement</u>[1]/

Dear Ms. Bardet:

This letter serves as the Burlingame School District's ("District") written offer of settlement in the above-entitled matter pursuant to 20 U.S.C. Section 1415(i)(3)(D). This offer supersedes any prior settlement offers with regard to Office of Administrative Hearings ("OAH") Case No. 2008030820 and is limited to settlement of all of K⸺ L⸺'s educational claims in OAH Case No. N2007100455. If you accept this offer, the above referenced matter will be resolved.

In consideration for a complete dismissal of OAH Case No. 2008030820 with prejudice, and release and waiver of all claims therein, the District offers the following:

1.     The District will continue to implement L⸺'s current IEP.

2.     The District will provide an additional ten hours per week, during the school year and extended school year, of speech and language services through a mutually agreeable non-public agency.

---

[1]/ The District reserves its right to waive the confidentiality of this settlement offer.

ADVOCACY   EXPERIENCE   LEADERSH

CONFIDENTIAL SETTLEMENT
COMMUNICATION
Susan Bardet, Esq.
May 2, 2008
Page 2

3.      The District will pay the sum of $5,000 to L    's parents.

This offer of settlement expires in ten (10) days. Pursuant to 20 U.S.C. Section 1415(i)(3)(D), if this written offer is not accepted within ten (10) days, and a court or hearing officer finds that the relief finally obtained by Petitioner in the above-referenced matter is not more favorable to Petitioner than this offer of settlement, Petitioner's attorneys' fees may not be awarded and related costs may not be reimbursed for services performed subsequent to the time this written offer was transmitted to Petitioner.

Petitioner may accept this offer of settlement by signing below and transmitting the signed document via facsimile to (415) 543-4384 or by e-mail to ttibbals@mbdlaw.com, and regular mail to:

Tracy L. Tibbals
Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105

If you accept this offer, the District will draft a settlement agreement memorializing the parties' agreement.

If you have any questions or comments regarding this settlement offer, please contact me immediately. We remain hopeful that the parties can amicably and promptly resolve this dispute. Thank you for your anticipated cooperation.

Very truly yours,

MILLER BROWN & DANNIS

Tracy L. Tibbals

TLT/cce

May 09 08    :45p    RANDOM TECHNOLOGIES, LLC    415-255-1127    p.1
05/02/2008 FRI 9:07 FAX    43?7 parnet    @001/001
05/02/2008 18:47 FAX 415 543 4384    MILLER,BROWN & DANNIS    @004/004

CONFIDENTIAL SETTLEMENT
COMMUNICATION
Susan Bardet, Esq.
May 2, 2008
Page 3

We hereby accept the District's offer, as set forth above, to settle all educational claims made on behalf of L    K    in OAH Case No. 2008030820.

Dated: May 9, 2008          W    K    , Father

Dated: May 9, 2008          L    K    J, Mother

cc:    Lourdes Desai

**SUSAN J. BARDET**
Attorney at Law

204 East Second Avenue, PMB 413       Tel: (650) 340-9243; Fax: (650) 347-4527
San Mateo, California 94401              e-mail: sbardet@gmail.com

May 9, 2008

Tracy Tibbals
Miller Brown & Dannis
71 Stevenson Street, Nineteenth Floor
San Francisco, CA 94105

**RE: L__K____ v.Burlingame School District; OAH N2008030820**
**Sent by fax to: (415) 543-4384**

Dear Mr Tibbals:

I am pleased to advise you that my clients have accepted the District's 10-day offer dated May 2, 2008. I am forwarding their signed acceptance with this letter.

In addition, although your 10-day offer states that you will draft a settlement agreement, for your convenience I am enclosing a settlement agreement dated May 9, 2008, already signed by Mr. and Ms. K_____ . Other than specifying the dollar amount of $5,000, the terms are the same as those forwarded to you on May 5, 2008, which you reported that you and your client found acceptable. As you know, these terms clarify the provisions in your 10-day offer and are consistent with your most recent e-mail.

I look forward to prompt finalization of the settlement agreement.

Thank you for your assistance.

Very truly yours,

*Susan J. Bardet*

Susan J. Bardet

cc: clients



TRACY L. TIBBALS
ATTORNEY AT LAW
ttibbals@mbdlaw.com

SAN FRANCISCO

May 12, 2008

**VIA FACSIMILE ONLY**

Administrative Law Judge Gregory P. Cleveland
Office of Administrative Hearings
Special Education Division
2349 Gateway Oaks, Suite 200
Sacramento, California 95833-4231

ATTN:    Jennifer Margedant

Re:    *L___ K.___    v. Burlingame Elementary School District*
       ACCEPTANCE OF TEN-DAY OFFER
       OAH Case No.:  2008030820
       Our File #1605.11006

Dear Judge Cleveland:

The Petitioner has executed an acceptance of the District's offer pursuant to 20 U.S.C. § 1415(i)(3)(D)(i).  I attach a copy of the signature page.  The Parties now are directing their efforts to completing a mutually agreeable written settlement agreement.  In view of this development, the Parties are jointly asking that you vacate the hearing dates for this matter, that were set to begin tomorrow, May 13, 2008, and schedule the matter for a telephonic trial setting conference.

Thank you for your assistance in this matter.

Very truly yours,

MILLER BROWN & DANNIS

Tracy L. Tibbals, Esq.

TLT:cce

Enclosure:  As Stated

cc:    Susan Bardet, Esq.

**SAN FRANCISCO**
71 Stevenson Street
Nineteenth Floor
San Francisco, CA 94105
Tel 415.543.4111
Fax 415.543.4384

**LONG BEACH**
301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802
Tel 562.366.8500
Fax 562.366.8505

**SAN DIEGO**
750 B Street
Suite 2310
San Diego, CA 92101
Tel 619.595.0202
Fax 619.702.6202
www.mbdlaw.com

ADVOCACY  EXPERIENCE  LEADERSHIP

May 09 08   12:15p   RANDOM TECHNOLOGIES, LLC   415-255-1127   p.1

05/02/2008 16:47 FAX 415 543 4384   MILLER,BROWN & DANNIS   @004/004

CONFIDENTIAL SETTLEMENT
COMMUNICATION
Susan Bardet, Esq.
May 2, 2008
Page 3


We hereby accept the District's offer, as set forth above, to settle all educational claims
made on behalf of L      K       , in OAH Case No. 2008030820.


Dated: May 9, 2008                    _____
                                      W      K       , Father


Dated: May 9, 2008                    _____
                                      L      K       , Mother


cc:     Lourdes Desai

TRACY L. TIBBALS
ATTORNEY AT LAW
ttibbals@mbdlaw.com

SAN FRANCISCO

**MILLER
BROWN
DANNIS**
**ATTORNEYS**

May 15, 2008

<u>**VIA FACSIMILE ONLY**</u>

Susan Bardet, Esq.
PMB 413
204 E. 2nd Avenue
San Mateo, CA 94401

**SAN FRANCISCO**
71 Stevenson Street
Nineteenth Floor
San Francisco, CA 94105
Tel 415.543.4111
Fax 415.543.4384

**LONG BEACH**
301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802
Tel 562.366.8500
Fax 562.366.8505

**SAN DIEGO**
750 B Street
Suite 2310
San Diego, CA 92101
Tel 619.595.0202
Fax 619.702.6202
www.mbdlaw.com

Re:    *L.    K.        v. Burlingame School District*
       OAH No.: 2008030820
       Our File:  1605.11006
       **STATUS OF DISTRICT'S SETTLEMENT POSITION**

Dear Ms. Bardet:

This letter confirms my telephone message to you on May 12, 2008, with respect to the District's ten-day settlement offer in the above-named case. I regret to indicate that this matter is, in fact, not settled, although we had represented to OAH on May 11th that we believed it was.

The District does not recognize the attempt to accept its May 2, 2008 10-day offer, received after business hours on May 9, 2008.

As I stated in my message to you, the District never authorized the terms that you sought me to validate in your email sent on May 9, 2008 at approximately 4:45 p.m. This email and my response were not seen by the District until Monday, May 12, 2008, and only after I had informed the District of your attempt to enter into a settlement agreement. The signed acceptance of the District's ten-day offer that arrived at our offices after 6 p.m. on May 9, and not seen by me until the following afternoon (Saturday), included a signed settlement agreement drafted by you that the District had not seen previously containing terms that are unacceptable. The District does not intend to execute the settlement agreement that you drafted and had your clients sign.

The District did not authorize me to agree to the requested speech/language therapy (10 hours/week) for the 2008-09 school year including ESY. The District was open to discussion to consider speech and language providers, but at no time gave consent to the NPA I Can Too or to the specific scope of the services. You and I had discussed these items, but the District had not approved your version of a settlement agreement or any

Susan Bardet, Esq.
May 14, 2008
Page 2 of 3

other language that specified a provider or the scope of services. Moreover, I have learned that this provider may have undergone a management change. Therefore, the neither the District nor I has any current opinion of this NPA that can be brought to bear in this matter without further follow-up.

A further reason why this matter is not resolved concerns the frequency and duration of the services. It is now clear that any proposal to provide to L____ ten hours a week of speech and language is an obvious mistake of fact on its face. That intensity of speech and language therapy is contrary to any reputable professional guidelines. That unheard of level of service would be a waste of resources, ineffective, and potentially harmful. L____ just turned seven years old. Ten hours a week on top of his prospective first grade program for the 2008-2009 school year (that already includes two hours per week of school-based speech and language, embedding of speech and language throughout his school day, and also, even further parent-provided private speech and language outside of school) cannot be seriously considered as a term of settlement. Such a program would supplant both other necessary and desirable activities that should be in L____'s weekly schedule and would be a level of service that fails to comport with any scientifically based methodology. The District cannot legally or ethically consider it.

The District now has had the opportunity to review and consider the entire situation and to reevalute the parties' positions with regard to settlement. After this analysis, the District still wishes to work toward resolution of this case that otherwise has the unfortunate potential of being contentious and harmful to the long-term relationship between the K____ and the staff at Lincoln School. I am certain that this would be a situation none of us wants.

To end this case and to renew our joint efforts toward L____'s continued progress, the District offers the following as a revised 10-day offer of settlement to resolve the current due process hearing complaint:

1.  Ten hours of NPA speech and language therapy per month (to address social pragmatics/social language) to L____ starting June 2008 and continuing through the 2008-2009 school year and 2009 ESY (15 months total), through a provider designated by the District.

2.  $5,000.00 to reimburse for all verified educational expenses to date, including attorneys' fees and costs.

Aside from the above, L____'s currently implemented IEP would remain in place and no other changes to his program would be made, unless the parties agreed through the IEP process.

I urge you to consider this reasonable offer with your clients. I sincerely regret any confusion I may have caused leading up to this point. The parties now have a new opportunity to work for L____ and to avoid a lengthy due process hearing. If your clients agree to the above resolution, a settlement agreement including applicable waivers and releases would need to be executed.

312071v1 SF

Susan Bardet, Esq.
May 14, 2008
Page 3 of 3

I thank you for your continuing professional courtesy and look forward to your thoughtful response to the foregoing.

Very truly yours,

MILLER BROWN & DANNIS

Tracy L. Tibbals
TLT:sc

cc:    Lourdes Desai

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF CALIFORNIA

In the Matter of:

L     AND W        K
Parents on behalf of L      K
Student,

OAH CASE NO. 2008030820

v.

BURLINGAME SCHOOL DISTRICT, and
SAN MATEO COUNTY OFFICE OF
EDUCATION

ORDER DENYING MOTION FOR
ENTRY OF JUDGMENT OR
ENFORCEMENT OF SETTLEMENT
AGREEMENT

On May 22, 2008, attorney Susan Bardet, on Student's behalf, filed a motion for entry of judgment or alternatively enforcement of a settlement agreement. Student claimed judgment could be entered or the settlement enforced by the Office of Administrative Hearings (OAH) based on Rule 68 of the Federal Rules of Civil Procedure and/or California Code of Civil Procedure section 998.

Neither California Code of Civil Procedure section 998 nor Rule 68 of the Federal Rules of Civil Procedure apply to OAH proceedings as those rules specifically apply to court proceedings, not administrative hearings. Authority to enforce a settlement agreement in special education proceedings has been vested with the California Department of Education (see *Wyner v. Manhattan Beach Unified School District* (2000) 223 F.3d 1026, 1030; *Porter v. Board of Trustees of Manhattan Beach Unified School District* (2002) 307 F.3d 1064,1069.) Thus, OAH lacks the authority to grant the relief sought by Student and relief must be sought through Department of Education compliance proceedings.

The motion to enter judgment or enforce the settlement agreement is denied. It is so ordered.

Dated: May 23, 2008

Case 3:08-cv-02743-JSW    Document 10-10    Filed 06/16/2008    Page 2 of 2

GREGORY P. CLEVELAND
Administrative Law Judge
Special Education Division
Office of Administrative Hearings



TRACY L. TIBBALS
ATTORNEY AT LAW
ttibbals@mbdlaw.com

SAN FRANCISCO

**MILLER
BROWN
DANNIS**
ATTORNEYS

May 30, 2008

**VIA FACSIMILE ONLY**

Susan Bardet, Esq.
PMB 413
204 E. 2nd Avenue
San Mateo, CA 94401

Re:  *I       K.          v. Burlingame School District*
      OAH No.: 2008030820
      Our File: 1605.11006
      **RESPONSE TO YOUR EMAIL OF MAY 28, 2008**

Dear Susan:

I am responding to your email to me of May 28, 2008, asking if we would be willing to submit a joint stipulation to OAH, agreeing to stay the OAH proceedings pending a federal court action that you indicate you are contemplating.

Consistent with the position that I took on behalf of the Burlingame School District during our telephonic conference on May 27, 2008, with Administrative Law Judge Kimberley Graham, our desire is to move the due process case to hearing as soon as possible.

Accordingly, we will not enter into the stipulation that you propose.

Very truly yours,

MILLER BROWN & DANNIS

*Tracy L. Tibbals*
Tracy L. Tibbals
TLT:cce

cc:    Lourdes Desai

**SAN FRANCISCO**
71 Stevenson Street
Nineteenth Floor
San Francisco, CA 94105
Tel 415.543.4111
Fax 415.543.4384

**LONG BEACH**
301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802
Tel 562.366.8500
Fax 562.366.8505

**SAN DIEGO**
750 B Street
Suite 2310
San Diego, CA 92101
Tel 619.595.0202
Fax 619.702.6202
www.mbdlaw.com

ADVOCACY  EXPERIENCE  LEADERSHIP

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF CALIFORNIA

In the Matter of:

L⸳    , AND W⸳    ⬛ K⬛,
Parents on behalf of L⬛ K⬛,
Student,

v.

BURLINGAME ELEMENTARY SCHOOL
DISTRICT,

OAH CASE NO. 2008030820

ORDER DENYING MOTION FOR
STAY OF OAH PROCEEDINGS

On May 22, 2008, attorney Susan Bardet, on Student's behalf, filed a motion for entry of judgment or alternatively enforcement of a settlement agreement. On May 23, 2008, the Office of Administrative Hearings (OAH) denied the motion because it lacks the authority to enforce settlement agreements. On June 2, 2008, Student filed a motion with OAH to stay the due process hearing during the pendency of his appeal of the May 23, 2008 order to the Federal District Court for the Northern District of California. On June 6, 2008, attorney Tracy Tibbals filed an opposition to the motion for a stay on behalf of the Burlingame School District (District). On June 6, 2008, Student filed a reply to the opposition.

Nothing in the Individuals with Disabilities Education Improvement Act of 2004 (20 U.S.C §1400 *et seq.*), applicable provisions of the California Education Code, or the California Administrative Procedure Act (Gov. Code § 11370 et seq.) authorizes OAH to stay its own proceeding during the pendency of an interlocutory appeal.

Title 34, Code of Federal Regulations part 300.515, subdivision (a), and Education Code sections 56502, subdivision (f), and 56505, subdivision (f), provide that a hearing must be conducted and a decision rendered within 45 days of receipt of the due process notice unless an extension is granted. Speedy resolution of the due process hearing is required, and continuances of due process hearings may be granted only upon a showing of good cause.

There is no authority for a stay of the due process hearing pending student's interlocutory appeal, and student has not established good cause for an indefinite continuance during the pendency of his appeal.  Student's motion for a stay of proceedings is denied.

IT IS SO ORDERED.

Dated: June 6, 2008

GREGORY P. CLEVELAND
Administrative Law Judge
Special Education Division
Office of Administrative Hearings

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
SPECIAL EDUCATION DIVISION
STATE OF CALIFORNIA

In the Matter of:

L       , AND W        K   ,
Parents on behalf of L     K     ,
Student,

v.

BURLINGAME ELEMENTARY SCHOOL
DISTRICT,

OAH CASE NO. N2008030820

**NOTICE OF CONTINUED
TELEPHONIC TRIAL SETTING
CONFERENCE AND ORDER**

On June 10, 2008, a telephonic Trial Setting Conference was held between the parties. Susan Bardet, attorney for Student, and Tracy Tibbals, attorney for the District, appeared on behalf of their respective clients. Based upon discussions with the parties, the following Order is issued.

The Office of Administrative Hearings (OAH), Special Education Division, has scheduled a telephonic trial setting conference (TSC) in this case. OAH/SED will initiate the call. Participation in the TSC is mandatory.

**Date: June 24, 2008        Time: 11:00 a.m.**

During the TSC, the parties shall be prepared to provide an accurate estimate of time needed for the hearing, schedule actual hearing dates and a date for a prehearing conference. Requests for mediation can also be addressed at that time. All further filings in this case shall be directed to the Sacramento office of OAH.

Continuance of TSC: A party seeking to continue the TSC date, must file the request to OAH in writing with copies to all named parties. The request must include the case name and OAH case number; the name, address and telephone number of the requesting party and all other parties; the facts supporting the continuance; whether or not any party opposes the request; and at least three mutually acceptable replacement dates and times. The replacement dates may not be later than two weeks after the currently scheduled TSC date. Facsimile transmission is acceptable for filing and service of the continuance request. No copy of any document filed by facsimile transmission shall be mailed to OAH.

Should a party fail to appear, prehearing conference and hearing dates will be set at the convenience of OAH and the party(s) in attendance. Any requests to continue these dates shall only be considered upon the filing of a written Motion to Continue establishing good cause and supported by appropriate declaration(s) under penalty of perjury.

IT IS SO ORDERED this day June 11, 2008.

SHERIANNE LABA
Presiding Administrative Law Judge
Special Education Division
Office of Administrative Hearings

SUSAN J. BARDET SBN 83215
**THE LAW OFFICE OF SUSAN J. BARDET**
204 East Second Avenue, PMB #413
San Mateo, CA  94401
Telephone: (650) 340-9243
Facsimile: (650) 347-4527
Email: sbardet@gmail.com

JANE F. REID, SBN 109642
**THE LAW OFFICE OF JANE F. REID**
5551 Lawton Avenue
Oakland, California 94618
Telephone: (510) 601-6630
Facsimile:  (510) 601-6630
Email: jreid@sonic.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.K., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, L.K.; L.K. and W.K., <br><br> Plaintiffs, <br><br> vs. <br><br> BURLINGAME SCHOOL DISTRICT and OFFICE OF ADMINISTRATIVE HEARINGS, <br><br> Defendants. | CASE NO. C 08-02743 JSW <br><br> TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE INJUNCTIVE RELIEF [PROPOSED] <br><br> FRCP 65 <br> 20 USC §1415(i)(2) |

_____

TO DEFENDANTS BURLINGAME SCHOOL DISTRICT AND OFFICE OF

ADMINISTRATIVE HEARINGS:

YOU AND EACH OF YOU ARE HEREBY ORDERED TO SHOW CAUSE at _____ _.m.

on _____ 2008, or as soon thereafter as the matter may be heard, in Courtroom 2 of the

Honorable Judge White, located at 450 Golden Gate Avenue, San Francisco, California 94102, why

you, your agents, employees and those in active concert or participation with you or them, should

1   not have the following orders entered against you pending trial of this action:

2

3       1. An order that the administrative due process hearing before the Office of Administrative

4   Hearings in the matter entitled L. K. v. Burlingame School District and San Mateo County Office of

5   Education; OAH Case No. 2008030820 be stayed until the action presently pending before this

6   Court has been heard and decided;

7       2.  PENDING HEARING on the above Order to Show Cause, you, your agents, employees,

8   and attorneys and all those in active concert or participation with you or them ARE HEREBY

9   RESTRAINED AND ENJOINED from taking any further action in furtherance of commencing the

10  hearing of the administrative due process hearing until further order from this Court.

11

12      The above Temporary Restraining Order and Order to Show Cause Re Injunctive Relief are

13  made pursuant to 20 USC §1415(i)(2) and are necessary to maintain the status quo pending the

14  present action.

15

16      The above Temporary Restraining Order is effective immediately without the filing of an

17  undertaking.

18

19      A hearing on plaintiffs' application for a preliminary injunction shall be held on _____,

20  2008, at ___, _.m. or as soon thereafter as counsel my be heard in Courtroom 2 of the Honorable

21  Judge White, located at 450 Golden Gate Avenue, San Francisco, California  94102.

22      This Order to Show Cause and supporting papers must be served on defendants no later than

23  __ days before the date set for hearing, and proof of service shall be filed no later than __ days

24  before the date set for hearing.

25      Any response or opposition to this Order to Show Cause must be filed and personally served

26  on plaintiffs' counsel no later than __ days before the date set for hearing, and proof of service shall

27  be filed no later than __ days before the hearing.

28
                        TRO/OSC RE INJUNCTIVE RELIEF
                        Case No. C 08-02743 JSW

                                    2

1    Any reply by plaintiffs to such response or opposition must be filed and personally served on

2  defendants' counsel no later than __ days before the date set for hearing, and proof of service shall

3  be filed no later than __ days before the hearing.

4

5  Dated: June __, 2008                                    _____

6                                                          JEFFREY S. WHITE
                                                           UNITED STATES DISTRICT JUDGE
7

8  Presented by:

9

10  _____/S/_____

11  Susan J. Bardet
    Attorney for plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                            TRO/OSC RE INJUNCTIVE RELIEF
                               Case No. C 08-02743 JSW

SUSAN J. BARDET, SBN 83215
**THE LAW OFFICE OF SUSAN J. BARDET**
204 East Second Avenue, PMB #413
San Mateo, CA  94401
Telephone: (650) 340-9243
Facsimile:   (650) 347-4527
Email: sbardet@gmail.com

JANE F. REID, SBN 109642
**THE LAW OFFICE OF JANE F. REID**
5551 Lawton Avenue
Oakland, California 94618
Telephone: (510) 601-6630
Facsimile:   (510) 601-6630
Email: jreid@sonic.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.K., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, L.K.; L.K. and W.K., <br><br> Plaintiffs, <br><br> vs. <br><br> BURLINGAME SCHOOL DISTRICT AND OFFICE OF ADMINISTRATIVE HEARINGS, <br><br> Defendants. | CASE NO. CV 08-02743 JSW <br><br> COMPLAINT FOR VIOLATION OF INDIVIDUALS WITH DISABILITIES EDUCATION ACT; PETITION FOR INTERLOCUTORY REVIEW OF ADMINISTRATIVE ORDER <br><br> 20 USC §1400 <u>et</u>. <u>seq</u>. <br> Administrative Procedures Act Case |

**INTRODUCTION**

1.  Invoking this Court's jurisdiction pursuant to 20 U.S.C. §§1415(d)(2)(K), 1415(i)(2) and (3) and 28 U.S.C. §§ 1292(b), 1331, 1343(a) (4), 1361, and 1367(a), this action is commenced to enforce a statutory offer of settlement between plaintiffs and defendant Burlingame School District ("District") and to appeal an Order issued by defendant California Office of Administrative

Hearings ("OAH") in an administrative due process hearing brought pursuant to the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et. seq., and related state law.

2.  Plaintiff L. K. is a minor and a disabled student who resides with his parents, plaintiffs L.K. and W. K., within the boundaries of defendant Burlingame School District.

3.  On March 21, 2008, plaintiffs initiated an administrative due process hearing pursuant to the IDEA to resolve a dispute with the District regarding L.K.'s educational needs.   Thereafter, the District made a statutory 10-day offer of settlement pursuant to 20 U.S.C. §1415(i)(3)(D)(i) that plaintiffs timely accepted.  The settlement by its terms resolved all claims therein and provided for a dismissal with prejudice of the entire action. [1]

4.  Thereafter, and despite consideration and justifiable reliance by plaintiffs on the agreement, defendant District attempted to revoke the offer, advising plaintiffs unequivocally that it would not comply with the terms thereof.

5.  Plaintiffs sought enforcement of the agreement and alternatively entry of decision by settlement and entry of judgment from OAH.  On May 23, 2008, OAH issued a ruling denying the requests, holding that it had no authority to grant the relief sought and denying plaintiffs' request for entry of decision by settlement or entry of judgment.

6.  Plaintiffs accordingly bring this action to enforce the settlement agreement reached between the parties.  Plaintiffs further seek remand to OAH for entry of judgment or, in the alternative, entry of decision by settlement.

7.  Interlocutory appeal from OAH's ruling is warranted because the order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

---

[1]  A true and correct copy of the offer and acceptance are attached hereto as Exhibit "A" and hereby incorporated by reference as if fully set forth.

28 U.S.C. §1292(b).

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction pursuant to 20 U.S.C. §§1415(d)(2)(K), 1415(i)(2) and (3) and 28 U.S.C. §§ 1292(b), 1331, 1343(a) (4), 1361, and 1367(a).

9.  Venue is proper in the Court under U.S.C. §1391(b).  All of the events that are the subject of this complaint took place within the Northern District of California and the defendant District resides within the Northern District of California.

## INTRADISTRICT ASSIGNMENT

10.  Assignment to the San Francisco Division of the United States District Court for the Northern District of California is appropriate pursuant to the Local Rules for the United States District Court, Northern District of California, Rule 3-2(c) and (d) because all of the events which are the subject of this complaint took place in the County of San Mateo, State of California.

## PARTIES

11.  Plaintiff L.K. is a resident of the County of San Mateo, State of California.  He is a child with disabilities within the meaning of the IDEA.  He brings this action through his mother and Guardian ad Litem, L.K.

12.  Plaintiffs L.K. and W.K are plaintiff L.K.'s parents and are residents of the County of San Mateo, State of California.

13.  Defendant Burlingame School District is, and at all times relevant herein was, a public entity organized and existing under the laws of the State of California.  Pursuant to the IDEA, the Constitution and laws of the State of California, the District has a duty to provide a free, appropriate public education to all children residing within its jurisdictional boundaries.  The District is the "local education agency" within the meaning of 20 USC §1401(19)(A).

14.  Defendant OAH is, and at all times relevant was, a quasi-judicial tribunal and division of the State of California Department of General Services created by California Government Code §11370.  Pursuant to California Education Code  §56504.5, the California Department of Education has contracted with OAH to conduct the due process hearings prescribed by 20 U.S.C. §1415.

15.  There is a present and actual controversy among the parties to this action.  Plaintiffs have exhausted their available administrative remedies and have no other adequate remedy at law.

## STATUTORY SCHEME UNDER IDEA

16.  IDEA was adopted in 1975 to ensure that children with disabilities received a public school education.  In adopting IDEA, Congress found that the educational needs of millions of children with disabilities in the United States were not being fully met (20 U.S.C.  §1400(c)(2)), because, "the children did not receive appropriate educational services" and undiagnosed disabilities prevented the children from having a successful educational experience."  20 U.S.C. §1400(c)(2)(A) and (C).  Therefore Congress adopted the IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . ."  20 U.S.C. § 1400(d)(1)(A).

17.  To resolve disputes between students and school districts, Congress mandated an administrative process and established procedural safeguards including enumerated rights and responsibilities.  One provision thereof is a 10-day "offer of settlement" to a parent that, if rejected, may subject the parent to a limitation on recovery of attorneys' fees and related costs.  20 U.S.C. §1415(i)(3)(D).

**STATEMENT OF FACTS**

18.  Plaintiff L.K. is a 7 year old boy residing with his parents, plaintiffs L.K. and W.K, within the boundaries of the District.  He is eligible for special education services pursuant to the IDEA on the basis of significant speech and language deficits that adversely impact his education.

19.  Over the course of the last two school years, a dispute developed between plaintiffs and the District regarding the appropriateness of the educational program the District had been providing him.  After unsuccessfully attempting to resolve the dispute informally, on March 21, 2008 plaintiffs sought an administrative due process hearing before OAH.  The matter was entitled L. K. v. Burlingame School District and San Mateo County Office of Education; OAH Case No. 2008030820.[2]

20.  Hearing was set to commence on May 13, 2008.  On May 2, 2008, the District served plaintiffs with a written offer of settlement made pursuant to 20 USC §1415(i)(3)(D)(i).  That statute provides:

> "Attorneys' fees may not be awarded ad related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if –
>
> (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
>
> (II) the offer is not accepted within 10 days; and the court or administrative hearing officer find that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement."

21.  The 10-day offer in the present case provided that, in exchange for a dismissal with prejudice of the administrative action and a release and waiver of all claims therein, the District

---

[2]  San Mateo County Office of Education was subsequently dismissed from the action.

would provide L.K., in addition to his present educational program, an additional 10 hours weekly of speech and language services through a mutually agreeable non-public agency, and would pay $5,000 to his parents.

22.  Plaintiffs accepted the offer in writing on May 9, 2008 by faxing the District their unequivocal acceptance, and with L.K. and W.K.'s signatures affixed to the offer of settlement.

23.  On May 12, 2008, the District advised OAH in writing that the 10-day settlement offer had been accepted and requested that the hearing dates be vacated to allow the parties to draft a formal settlement agreement.

24.  OAH in fact vacated the hearing dates and gave notice of a status conference to be held on May 27, 2008.

25.  Thereafter, on May 15, 2008, the District notified plaintiffs in writing that it revoked the 10-day settlement offer and would not comply with the terms thereof.

26.  Plaintiffs immediately sought enforcement of the settlement through motion to OAH and sought, in the alternative, entry of decision by settlement or entry of judgment.  On May 23, 2008, OAH ruled that it had no authority to enforce the agreement and declined to enter either decision or judgment.

27.   OAH's ruling is final and not subject to reconsideration through further administrative appeal.  Plaintiffs are aggrieved by the findings thereof.

28.  Each of these facts is incorporated into each of the claims for relief set forth below.

## FIRST CLAIM FOR RELIEF
For Enforcement of Settlement Agreement
(By plaintiffs against defendant District for violation of the IDEA)

29.  20 USC §1415(i)(3)(D)(i) provides that a written offer of settlement may be made to a parent within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case

of an administrative proceeding, at any time more than 10 days before the proceeding begins.  If the offer is not accepted within 10 days, and if the administrative decision is not more favorable than the offer, attorneys' fees may not be awarded and related costs may not be reimbursed to the parent subsequent to the time that the offer was made.

30. Hearing in the administrative action was set to start on May 13, 2008.  On May 2, 2008, the District made a written 10-day offer of settlement pursuant to 20 USC §1415(i)(3)(D) to plaintiffs.

31.  Plaintiffs accepted the offer within the requisite 10 days and in the manner specified by the offer.

32.   The District acknowledged the acceptance in writing, both to plaintiffs and to OAH.

33.  In consideration for the offer, plaintiffs agreed to a release and waiver of all claims in the administrative action.

34.  Further, in justifiable reliance on the settlement, among other things plaintiffs allowed the hearing dates to be vacated, ceased all hearing preparation and released witnesses from their commitments to appear at the hearing.

35.  On May 15, 2008, after the District received plaintiffs' acceptance, and after the District notified OAH that the offer had been accepted, the District attempted to revoke its offer by advising plaintiffs that it would not perform any of the terms and conditions contained therein.

36.   The District's attempt to revoke the offer is ineffective.  Plaintiffs and the District had a binding and enforceable settlement agreement and plaintiffs are entitled to have the terms of the settlement fully enforced.

37.  Plaintiffs stand able and willing to perform all the terms and conditions of the agreement on their part to be performed.

38.  Plaintiffs will be harmed by the District's breach of the settlement agreement in that

they will be compelled to (a) obtain the special education services contained therein at their own expense and (b) they will be compelled to prosecute the due process hearing at tremendous personal expenditure of time and expense, in order to obtain the services contained in the settlement agreement and/or reimbursement for those services.

39.  OAH has determined that it does not have authority to enforce the settlement agreement. Accordingly, plaintiffs seek a declaration from this Court that the settlement agreement is valid, binding and enforceable and seeks an order from this Court for enforcement thereof.

## SECOND CLAIM FOR RELIEF

(For Declaratory Judgment Regarding OAH's Authority To Enforce Settlement Agreement)
(By plaintiffs against defendants District and OAH)

40.  In its May 23 Order, OAH ruled that it does not have the authority to enforce a settlement agreement in a special education proceeding.

41.  Contrary to Defendant OAH's May 23, 2008 ruling, plaintiffs contend defendant OAH has inherent authority to enforce settlement agreements in matters pending before it.

42. Defendant OAH's denial of plaintiffs' request for enforcement of the settlement agreement was contrary to law.

43.  A valid case or controversy exists sufficient for this Court to declare the rights and remedies of the parties with respect to the authority of OAH to enforce settlement agreements reached pursuant to 20 USC §1415(i)(3)(D).  Plaintiffs have a clear, present and beneficial interest in the declaration sought by this Complaint.

44. Plaintiffs seek declaratory judgment that they are entitled to enforcement of the settlement agreement in the administrative forum.

## THIRD CLAIM FOR RELIEF
For Entry Of Judgment
(By plaintiffs against defendants District and OAH)

Complaint, Case No. CV 08-02743 JSW

45. Plaintiffs contend that the statutory settlement reached pursuant to 20 USC §1415(i)(3)(D)(i) operated as an "offer of judgment" made pursuant to the Federal Rules of Civil Procedure, Rule 68 and/or California Code of Civil Procedure ("CCP") §998.

46. Offers of judgment <u>must</u> be entered when requested by a party. Plaintiffs made such a request, but OAH denied it and refused to enter judgment.

47. There is, accordingly, a clear, present and justiciable dispute between plaintiffs on the one hand, and defendants on the other, as to whether the statutory settlement agreement made pursuant to 20 USC §1415 requires OAH to enter an order of judgment in accordance with the offer's terms.

48. Plaintiffs contend OAH's ruling denying their request for entry of judgment was in error and plaintiffs hereby seek judgment reversing that ruling and remand to OAH for entry of judgment based either on Rule 68 or CCP §998.

**FOURTH CLAIM FOR RELIEF**
For Entry of Decision by Settlement
(By plaintiffs against defendants District and OAH)

50. In the alternative to entry of judgment, OAH has the authority and discretion to render a decision by settlement pursuant to 5 California Code of Regulations §3087. Such a decision can be issued "on terms the parties determine are appropriate so long as the agreed-upon terms are not contrary to law."

51. Plaintiffs requested that OAH enter a decision by settlement in the administrative due process hearing based up the statutory settlement. OAH refused.

52. Accordingly, plaintiffs seek declaratory judgment that the statutory settlement must be

entered as a decision by settlement in the administrative action below and seek remand for that purpose.

## FIFTH CLAIM FOR RELIEF

For Attorneys' Fees and Costs
(By plaintiffs against defendant District)

53. The IDEA provides for an award of reasonable attorneys' fees and related costs to the parents of a child with a disability who is the prevailing party in any action or proceeding brought under 20 USC §1415. 20 USC §1415((i)(3)(B).

54. If successful hereunder, plaintiffs are entitled to an award of attorneys' fees and related costs as the prevailing parties in this action.

55. Furthermore, because the statutory offer of settlement did not include attorneys' fees or costs, plaintiffs seek an award of attorneys' fees and costs in conjunction therewith with respect to the administrative proceeding below.

## REQUEST FOR RELIEF

Plaintiffs respectfully request the following relief:

1. That the terms of the settlement agreement be enforced;

2. In the alternative, for declaratory judgment and remand to OAH for enforcement of the terms of the settlement agreement;

3. For declaratory relief and remand to OAH for entry of judgment pursuant to Rule 68 and/or CCP §998;

4. In the alternative, for declaratory relief and remand to OAH for entry of decision by settlement;

6. That this Court award plaintiffs costs, disbursements and reasonable attorneys' fees as prevailing parties in the administrative action and herein; and

Complaint, Case No. CV 08-02743 JSW

7.  That the Court order such other and further relief as it may deem proper.

DATED:  June 2, 2008                              Respectfully submitted,


By: _____
                 Susan J. Bardet
                 Attorney for Plaintiff

TRACY L. TIBBALS
ATTORNEY AT LAW
ttibbals@mbdlaw.com

SAN FRANCISCO

MILLER
BROWN
DANNIS
ATTORNEYS

May 2, 2008

VIA FACSIMILE ONLY

CONFIDENTIAL SETTLEMENT COMMUNICATION

Susan Bardet, Esq.
PMB 413
204 E. 2nd Avenue
San Mateo, CA 94401

Re:    L—  K        v. Burlingame School District
       OAH No.: 2008030820
       Our File: 1605.11006
       20 U.S.C. § 1415(i)(3)(D)(i) and 34 C.F.R. § 300.517(c)(2)(i)
       Confidential Offer of Settlement[1/]

SAN FRANCISCO
71 Stevenson Street
Nineteenth Floor
San Francisco, CA 94105
Tel 415.543.4111
Fax 415.543.4384

LONG BEACH
301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802
Tel 562.366.8500
Fax 562.366.8505

SAN DIEGO
750 B Street
Suite 2310
San Diego, CA 92101
Tel 619.595.0202
Fax 619.702.6202
www.mbdlaw.com

Dear Ms. Bardet:

This letter serves as the Burlingame School District's ("District") written offer of settlement in the above-entitled matter pursuant to 20 U.S.C. Section 1415(i)(3)(D). This offer supersedes any prior settlement offers with regard to Office of Administrative Hearings ("OAH") Case No. 2008030820 and is limited to settlement of all of K— L—'s educational claims in OAH Case No. N2007100455. If you accept this offer, the above referenced matter will be resolved.

In consideration for a complete dismissal of OAH Case No. 2008030820 with prejudice, and release and waiver of all claims therein, the District offers the following:

1.    The District will continue to implement L— 's current IEP.

2.    The District will provide an additional ten hours per week, during the school year and extended school year, of speech and language services through a mutually agreeable non-public agency.

---

[1/] The District reserves its right to waive the confidentiality of this settlement offer.

ADVOCACY EXPERIENCE LEADERSHIP

CONFIDENTIAL SETTLEMENT
COMMUNICATION
Susan Bardet, Esq.
May 2, 2008
Page 2


3.      The District will pay the sum of $5,000 to L____'s parents.

This offer of settlement expires in ten (10) days. Pursuant to 20 U.S.C. Section 1415(i)(3)(D), if this written offer is not accepted within ten (10) days, and a court or hearing officer finds that the relief finally obtained by Petitioner in the above-referenced matter is not more favorable to Petitioner than this offer of settlement, Petitioner's attorneys' fees may not be awarded and related costs may not be reimbursed for services performed subsequent to the time this written offer was transmitted to Petitioner.

Petitioner may accept this offer of settlement by signing below and transmitting the signed document via facsimile to (415) 543-4384 or by e-mail to ttibbals@mbdlaw.com, and regular mail to:

Tracy L. Tibbals
Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105

If you accept this offer, the District will draft a settlement agreement memorializing the parties' agreement.

If you have any questions or comments regarding this settlement offer, please contact me immediately. We remain hopeful that the parties can amicably and promptly resolve this dispute. Thank you for your anticipated cooperation.

Very truly yours,

MILLER BROWN & DANNIS

Tracy L. Tibbals

TLT/cce

<u>CONFIDENTIAL SETTLEMENT</u>
<u>COMMUNICATION</u>
Susan Bardet, Esq.
May 2, 2008
Page 3


We hereby accept the District's offer, as set forth above, to settle all educational claims
made on behalf of L⁻  K⁻⁻⁻  ⁻ in OAH Case No. 2008030820.


Dated: May ___, 2008                    _____
                                         W      ⁻ ℠⁻⁻⁻ ⁻ ⁻ Father


Dated: May ___, 2008                    _____
                                         L  ⁻K⁻    Mother


cc:    Lourdes Desai

<u>CONFIDENTIAL SETTLEMENT</u>
<u>COMMUNICATION</u>
Susan Bardet, Esq.
May 2, 2008
Page 3


We hereby accept the District's offer, as set forth above, to settle all educational claims
made on behalf of L____ K____ in OAH Case No. 2008030820.


Dated: May 9, 2008                                      _____
                                                        W____ K____, Father


Dated: May 9, 2008                                      _____
                                                        L____ K____j, Mother


cc:   Lourdes Desai

## SUSAN J. BARDET
### Attorney at Law

204 East Second Avenue, PMB 413          Tel:  (650) 340-9243; Fax:  (650) 347-4527
San Mateo, California  94401                                    e-mail:  sbardet@gmail.com

May 9, 2008

Tracy Tibbals
Miller Brown & Dannis
71 Stevenson Street, Nineteenth Floor
San Francisco, CA  94105

RE:  L_ _K         v.Burlingame School District; OAH N2008030820
Sent by fax to:  (415) 543-4384

Dear Mr Tibbals:

I am pleased to advise you that my clients have accepted the District's 10-day offer dated May 2, 2008.  I am forwarding their signed acceptance with this letter.

In addition, although your 10-day offer states that you will draft a settlement agreement, for your convenience I am enclosing a settlement agreement dated May 9, 2008, already signed by Mr. and Ms. K        .   Other than specifying the dollar amount of $5,000, the terms are the same as those forwarded to you on May 5, 2008, which you reported that you and your client found acceptable.  As you know, these terms clarify the provisions in your 10-day offer and are consistent with your most recent e-mail.

I look forward to prompt finalization of the settlement agreement.

Thank you for your assistance.

Very truly yours,

Susan J. Bardet

cc:  clients