1  AMY R. LEVINE, State Bar No. 160743
   alevine@mbdlaw.com
2  DAMARA MOORE, State Bar No. 215678
   dmoore@mbdlaw.com
3  MILLER BROWN & DANNIS
4  71 Stevenson Street, 19th Floor
   San Francisco, CA  94105
5  Telephone: (415) 543-4111
   Facsimile: (415) 543-4384
6
7  Attorneys for Defendant
   BURLINGAME SCHOOL DISTRICT
8  Specially Appearing

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12 L.K., a minor by and though his Guardian      Case No.  C 08-2743 JSW
   ad Litem, L.K.; L.K. and W.K.,
13                                                DEFENDANT BURLINGAME SCHOOL
              Plaintiffs,                         DISTRICT'S OPPOSITION TO PLAINTIFFS'
14                                                APPLICATION FOR TEMPORARY
        v.                                        RESTRAINING ORDER
15
   BURLINGAME SUNIFIED SCHOOL                     Date  :  June 20, 2008
16 DISTRICT; and OFFICE OF                        Time  :  9:00 a.m.
   ADMINISTRATIVE HEARINGS,                       Judge :  Jeffrey S. White
17
              Defendants.                         **Trial:**         NONE SET
18
                                                  **Complaint Filed:**   June 2, 2008
19

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................... 1

II. OVERVIEW OF THE COMPLAINT ..................................................................... 2

III. THE DISTRICT WAS NOT PROPERLY SERVED THE MOTION ..................... 3

IV. PLAINTIFFS HAVE NOT MET THE LEGAL STANDARD FOR PROVING ENTITLEMENT TO A TRO ..................................................................................... 4

    A. The District Will be Harmed by a Delay of the Hearing and Plaintiffs Will Not. ........................................................................................................... 5

    B. There is No Likelihood of Success on the Merits. ..................................... 7

        1. This Court Lack Jurisdiction Over the Claims in the Complaint. ............... 7

            a. This Court Lacks Jurisdiction Under the IDEA Because Plaintiffs' Failed to Exhaust Their Administrative Remedies ........ 7

            b. There is No Right to an Interlocutory Appeal for the Causes of Action Contained in Plaintiffs' Complaint, So 28 U.S.C. Section 1292(b) Does Not Provide Jurisdiction ............................... 8

        2. Plaintiffs' Complaint Will Not Succeed on the Merits Either, Because There Is No Basis For This Court to Impose Terms of a Settlement Agreement Upon the Parties Where No Agreement Was Ever Reached. ................................................................................................. 9

    C. This Court Must Abstain From Enjoining a State Proceeding Without a Showing By Plaintiffs of Great and Immediate Irreparable Injury. ..................... 10

V. CONCLUSION ........................................................................................................ 12

TABLE OF AUTHORITIES

Page

**Cases**

*Alaska v. Native Village of Venetie,*
  856 F.2d 1384 (9th Cir. 1998)..........................................................................5

*Arcamuzi v. Continental Air Lines, Inc.,*
  819 F.2d 935 (9th Cir. 1987)............................................................................4

*Baffert v. California Horse Racing Board,*
  32 F.3d 613 (9th Cir. 2003)........................................................................11, 12

*Baltimore Contractors v. Bodinger,*
  348 U.S. 176 (1955)..........................................................................................8

*Belanger v. Madera Unif. Sch. Dist.,*
  963 F.2d 248 (9th Cir. 1992)............................................................................11

*Cox v. Brookshire Grocery Co.,*
  919 F.2d 354 (5th Cir. 1990)............................................................................3

*Dahl v. HEM Pharmaceuticals Corp.,*
  7 F.3d 1399 (9th Cir. 1993)..............................................................................4

*Digital Equipment Corp. v. Desktop Direct,*
  511 U.S. 863 (1994).........................................................................................6

*Doe v. Arizona Dept. of Educ.,*
  111 F.3d 678 (9th Cir. 1997)............................................................................7

*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.,*
  871 F.2d 648 (7th Cir. 1989)............................................................................10

*Gardner v. Westinghouse Broadcasting Co.,*
  437 U.S. 478 (1978).........................................................................................8

*Gilder v. PGA Tour Inc,*
  936 F.2d 417 (9th Cir. 1991)............................................................................4

*Goss Graphics System, Inc. v. DEV Ind., Inc.,*
  267 F.3d 624 (7th Cir. 2001)............................................................................10

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers,*

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

415 U.S. 423 (1974) ..................................................................................................... 4

*Hoeft v. Tucson Unif. Sch. Dist.*,
   967 F.2d 1298 (9th Cir. 1992) ................................................................................. 7

*Kikumura v. Hurley*,
   242 F.3d 950 (10th Cir. 2001) ................................................................................. 4

*Kokkonen v. Guardian Life Ins. Co. of America*,
   511 U.S. 375 (1994) ........................................................................................... 2, 12

*Maguire v. Federal Corp. Ins. Corp.*,
   181 F.2d 320 (5th Cir. 1950) .................................................................................. 3

*McQueen v. Colorado Springs Sch. Dist. No. 11*,
   488 F.3d 868 (10th Cir. 2007) ................................................................................. 9

*Middlesex County Ethics Committee v. Garden State Bar Association*,
   457 U.S. 423 (1982) ......................................................................................... 11, 12

*Oakland Tribune, Inc. v. Chronicle Publ'g Co.*,
   762 F.2d 1374 (9th Cir. 1985) ................................................................................. 4

*Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*,
   376 F.3d 831 (9th Cir. 2004) ................................................................................. 12

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984) .................................................................................................. 2

*R.K. v. Hayward Unif. Sch. Dist.*,
   2007 WL 2778702 (N.D. Cal. 2007) ...................................................................... 9

*R.K. v. Hayward Unified School District*,
   2008 WL 183559 (N.D. Cal. 2008) ........................................................................ 6

*Robb v. Bethel Sch. Dist. #403*,
   308 F.3d 1047 (9th Cir. 2002) ................................................................................. 7

*Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*,
   997 F.2d 484 (8th Cir. 1993) .................................................................................. 4

*Santa Monica Unif. Sch. Dist. v. Persh*,
   5 Cal.App.3d 945 (1970) .................................................................................... 9, 10

*Skelly Oil Co. v. Phillips Petroleum Co.*,

TABLE OF AUTHORITIES

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

SF 317315v1

339 U.S. 667 (1950) ..................................................................................................12

*U.S. v. City of Hialeah*,
140 F.3d 968 (11th Cir. 1998)....................................................................................8

*United States v. Cohen*,
152 F.3d 321 (4th Cir. 1998) .....................................................................................7

*Weinberger v. Romero-Barcelo*,
456 U.S. 305 (1982) ..................................................................................................4

*Younger v. Harris*,
401 U.S. 37 (1971) ............................................................................................10, 11

**Statutes**

20 U.S.C. section 1415 ...............................................................................4, 7, 8, 12

28 U.S.C. section 1295 ..............................................................................................9

Education Code section 17604 ..................................................................................9

Education Code section 35010 ..................................................................................9

Education Code section 35164 ..................................................................................9

Education Code section 56502 .........................................................................1, 4, 5

**Rules**

Federal Rule of Civil Procedure 5 .............................................................................3

**Regulations**

Title 5, California Code of Regulations section 3087 ...............................................3

## I. INTRODUCTION

Plaintiffs filed a request for an administrative due process hearing which they no longer want to litigate, if they ever did. To avoid the litigation they initiated, yet reap the benefits of it, they ask this Court to impose terms of a non-existent settlement agreement upon defendant Burlingame School District ("District"). Again, instead of litigating whether or not a contract exists or has been breached on the merits, plaintiffs have petitioned this Court for the extraordinary and radical remedy of a temporary restraining order ("TRO") and an order for injunctive relief, so that they do not have to litigate the very case they initiated, and could dismiss at any time, claiming such litigation would be an injury.

Burlingame School District is a public school district that provides special education services to L.K., one of the plaintiffs named in this case; the other plaintiffs are L.K.'s parents. L.K. disagreed with the District's educational program and filed a request for due process with the California Office of Administrative Hearings ("OAH"), the administrative body that is charged with hearing such disputes. In an attempt to resolve this dispute, the parties engaged in settlement negotiations which were ultimately fruitless, although the parties came close to reaching an agreement. L.K. has not withdrawn his request for due process, which by statute must be heard and decided within 45 days from the date of filing. Cal. Educ. Code § 56502(f).

The underlying due process hearing matter will be set for hearing shortly, and plaintiffs evidently do not want to go to hearing. On or around June 2, 2008, plaintiffs filed a complaint ("Complaint") with this Court which endeavors to impose terms upon the District to "settle" the administrative hearing, although no agreement of any type was actually reached by the parties. In addition to the fact that there is no agreement to enforce, this underlying Complaint lacks merit for numerous other reasons, including that plaintiffs have not exhausted their administrative remedies prior to coming to this Court, as required under the Individuals with Disabilities Education Improvement Act ("IDEIA"), and this matter is not appropriate for an interlocutory appeal.

With nothing more than this insubstantial justification for appearing before this Court in

1

DEFENDANT BURLINGAME SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; CASE NO. C08-2743 JSW

SF 317315v1

the first place, plaintiffs now have filed a flurry of papers seeking the drastic relief of a TRO and a preliminary injunction ("Motion"), which the District and the Court must rush to respond to within the course of three days. Procedurally, the Motion is defective because the TRO is directed to the District, this Court lacks jurisdiction over this matter, and because the District was not properly served the Motion. Substantively, plaintiffs cannot meet their burden of showing likely success on the merits. Nor can plaintiffs demonstrate any harm to them whatsoever, because they seek only to stop a hearing on the merits which they initiated and can dismiss at any time, and a hearing is not a "harm" of the sort contemplated when parties seek extraordinary relief such as that sought here.

## II.    OVERVIEW OF THE COMPLAINT

Plaintiffs' Complaint is styled as a complaint brought under the IDEIA and a petition for interlocutory review.[1] The first claim is a breach of contract action which plaintiffs claim is properly before this Court because the IDEIA authorizes settlement offers. However, any matter may be resolved by settlement. Plaintiffs cite no authority and there is none that provides federal court jurisdiction to enforce a privately negotiated settlement. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 382 (1994). Moreover, such breach of contract actions are barred against state agencies under Eleventh Amendment immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120-23 (1984). Plaintiffs do not cite any language in the IDEIA which indicates that breach of contract matters may be brought to this Court on interlocutory appeal.

Plaintiffs' second cause of action is a request that this Court enter a declaratory judgment that OAH can enforce settlement agreements. Plaintiffs seek a TRO against the District, although it is not conceivable what relief the District could possibly provide. Plaintiffs' third cause of action is an appeal of OAH's denial of plaintiffs' request for entry of judgment, and requests that this Court order OAH to enter judgment in accordance with the offer's terms. Again, a TRO against the District will not force OAH to take such action. Plaintiffs cite to Rule 68 and California Code of Civil Procedure section 998 to analogize that they are entitled to this relief, as

---

[1] Other bases for jurisdiction bootstrap on these such as federal question jurisdiction and supplemental jurisdiction.

2

DEFENDANT BURLINGAME SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; CASE NO. C08-2743 JSW

SF 317315v1

1  they must, because the IDEIA does not provide for it. But, an offer of settlement is not an offer
2  of judgment. *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990); *Maguire v.*
3  *Federal Corp. Ins. Corp.*, 181 F.2d 320, 322 (5th Cir. 1950). Therefore, even if there was a
4  settlement based on the District's offer, this Court, like OAH, would be powerless to enter it as a
5  judgment.

6  Plaintiff's fourth cause of action seeks a declaratory judgment that OAH has the authority
7  to "render a decision by settlement." The basis for this alleged power is that OAH has the
8  authority to enter settlement terms to which the parties agree. Title 5, Cal. Code Regs., § 3087.
9  As is clear from the Complaint itself, the District has not agreed to enter into settlement. Again,
10 the request for relief is erroneously directed towards the District, although the District is not able
11 to effectuate this remedy. Even if this declaratory relief was granted, it would likely not affect the
12 outcome of this case, since the declaratory relief would only provide that OAH has discretion to
13 undertake an action, not that OAH is required to do so.

14 Plaintiff's fifth cause of action is for a remedy, attorneys fees, and is not at issue in the
15 instant Motion.

### III. THE DISTRICT WAS NOT PROPERLY SERVED THE MOTION

17 Effective service in matters pertaining to an ex parte application is particularly important,
18 given that the party responding to the ex parte application has only a limited amount of time to
19 respond to the Motion. In this case, pursuant to the Honorable Jeffrey S. White's order dated
20 June 17, 2008, the District should have had 29 hours to respond to the Motion.

21 The District has not yet appeared in this matter. Declaration of Damara Moore ("Decl.
22 Moore"), ¶¶ 3-4. The District's counsel was not signed up to receive ECF notification until the
23 afternoon on June 18, 2008. Id., at ¶ 4 Service in this matter should have been effectuated by
24 personal delivery. Fed. R. Civ. P. 5. Counsel for plaintiffs was made aware of this defect on June
25 17, 2008 at approximately 11:30 a.m. Id., and Exhibit A to the declaration. Nonetheless, to date,
26 this defect has not been corrected. Decl. Moore, ¶ 6. Given the burdens on the District to
27 respond to this application within 29 hours, plaintiffs' knowing failure to comply with service

requirements is inexcusable.

## IV. PLAINTIFFS HAVE NOT MET THE LEGAL STANDARD FOR PROVING ENTITLEMENT TO A TRO

A TRO is a form of preliminary injunctive relief that preserves the status quo pending a hearing on the moving party's application for a preliminary injunction. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 439 (1974).[2] There are several tests federal courts use to determine whether a plaintiff is entitled to preliminary relief. In the Ninth Circuit, a party must show either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor. *Arcamuzi v. Continental Air Lines, Inc.,* 819 F.2d 935, 937 (9th Cir. 1987); *Gilder v. PGA Tour Inc,* 936 F.2d 417, 422 (9th Cir. 1991). It is agreed in all courts that plaintiffs must satisfy the equitable requirements by showing a threat of irreparable injury and that legal remedies are inadequate. *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 312 (1982). If irreparable harm is not shown, the court need not reach the issue of likelihood of success on the merits. *Oakland Tribune, Inc. v. Chronicle Publ'g Co.,* 762 F.2d 1374, 1376 (9th Cir. 1985).

The sole purpose of a TRO is to preserve the status quo pending a hearing on a motion for preliminary injunction. *Granny Goose Foods, Inc., supra,* at 439. Where a party seeks to alter the status quo, the movant will ordinarily find it difficult to meet its heavy burden without showing a substantial likelihood of success on the merits. *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir. 2001); *Dahl v. HEM Pharmaceuticals Corp.,* 7 F.3d 1399, 1403 (9th Cir. 1993); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.,* 997 F.2d 484, 486 (8th Cir. 1993).

The status quo in this situation would be for the due process hearing before OAH to proceed as planned. OAH must comply with mandatory deadlines to hold hearings and issue decisions within 45 days from the date the request for due process was filed, with additional days added to this time frame during the pendency of the resolution process. See 20 U.S.C. § 1415(f)(1)(B)(ii); Cal. Educ. Code § 56502(f). Plaintiffs are unable to show a likelihood of

---

[2] With this TRO, plaintiff has conflated these two concepts and asks the Court to grant both a TRO and a preliminary injunction. The applicable standards, where they conflict, are to treat this Motion as a TRO, due to the truncated timeframes for the District to respond.

4

DEFENDANT BURLINGAME SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; CASE NO. C08-2743 JSW

SF 317315v1

success on the merits, especially under the extreme burden they face in trying to alter the status quo.

In addition, they do not demonstrate any likelihood of harm or any equities which would support their case. In fact, there are good policies reasons for this Court to decline interfering in this State matter.

### A. The District Will be Harmed by a Delay of the Hearing and Plaintiffs Will Not.

Plaintiffs argue that straying from the status quo and delaying the hearing harms no one, since L.K. is willing to submit to the delay. This is not the standard. The standard is whether plaintiffs will experience harm if the TRO is **not** granted. *Alaska v. Native Village of Venetie*, 856 F.2d 1384, 1388 (9th Cir. 1998).

Moreover, there are two parties to this matter. The right to a speedy hearing in special education matters is a right both parties enjoy, not just plaintiffs. See Cal. Educ. Code § 56502(f). The District will be prejudiced by the delay, as witnesses' memories can be anticipated to fail them as time passes, and because it is unknown whether witnesses will be available to testify starting next year. Decl. Moore, ¶ 7. Two witnesses named on the District's witness list at the due process hearing are not District employees after the 2007-2008 school year. Id. They may leave the area and no longer be available to testify, although they were available to testify this school year and the District believes they continue to be available through this summer. Id.

The relevant inquiry for this Court in weighing the harm to the District is to look to the harm to L.K. if the relief is not granted. There is none. Plaintiffs do not seek any change to L.K.'s educational program. The contemplated TRO does not alter what is provided to L.K. His mother's declaration submitted in support of the Motion establishes no harm. The declaration of Susan Bardet, attorney for plaintiffs, also does not establish any harm.

Implicit in the Memorandum of Points and Authorities in Support of Plaintiffs' Motion is that going to hearing itself is a harm. The United States Supreme Court has addressed this exact issue and found that there is no right to an immediate appeal to avoid the alleged harm of going to trial where a settlement agreement allegedly "guaranteed" the right to not go to trial. In *Digital*

5

DEFENDANT BURLINGAME SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; CASE NO. C08-2743 JSW

SF 317315v1

*Equipment Corp. v. Desktop Direct*, 511 U.S. 863 (1994), petitioner Digital Equipment entered into a settlement agreement with respondent Desktop Direct, and Digital Equipment dismissed its lawsuit pursuant to the settlement agreement. Desktop Direct then moved to vacate the dismissal and rescind the agreement on the grounds of misrepresentations made during settlement negotiations. The motion was granted by the district court. Digital Equipment argued that the matter was immediately reviewable because of the "importance" and "separate reviewability" of the specific issue that it had a right not to go to trial. The Supreme Court ruled that immediate appeals are the exception to the general rule, and a narrow exception at that. *Id.* at 867-68. The Court found that the issue of whether a private settlement agreement gave a right to avoid trial could be "adequately vindicated on appeal from final judgment," *id.* at 869, and could not supply the basis for an immediate appeal. *Id.* at 884. The Court specifically declined to rule otherwise because it did not want to permit any district court order denying effect to a settlement agreement to be immediately appealable. *Id.* at 877.

Indeed, this very Court has recently denied a TRO to a student seeking to avoid going to due process hearing regarding his educational claims based on an alleged settlement. In. *R.K. v. Hayward Unified School District*, 2008 WL 183559, *2 (N.D. Cal. 2008), this Court stated:

> Plaintiff contends that he will suffer irreparable harm by having to litigate his claims in two different forums and being forced to have two separate due process proceedings. Although Plaintiff may be inconvenienced, he has not shown that he will suffer irreparable injury. He will have an opportunity to litigate all his claims. Moreover, until the claims currently pending before the OAH are exhausted, the Court does not have subject matter jurisdiction over them, and thus cannot hear them. Staying the OAH proceeding would preclude Plaintiff from exhausting his pending administrative claims.

Thus, plaintiffs clearly have an adequate legal remedy at law. If the alleged harm is an inappropriate educational plan, the District is ready, willing and able to litigate this claim. If the alleged harm is a breach of contract, there is also a remedy for that which does not require this Court to adjudicate the matter in a truncated period of time.

**B.     There is No Likelihood of Success on the Merits**

    **1.     This Court Lack Jurisdiction Over the Claims in the Complaint.**

Plaintiff must present her claims to OAH for full adjudication before an appeal under the IDEIA can be brought to federal court. Without exhaustion of administrative remedies, this Court lacks jurisdiction over all claims purportedly brought under the IDEIA. It is also not accurate to characterize these claims as part of an interlocutory appeal, because, as set forth above, the Supreme Court says this is not the type of case which is appropriate for intermediate review. Because the plaintiffs cannot meet their initial burden to demonstrate subject matter jurisdiction, they are not entitled to any relief from this Court. See *United States v. Cohen*, 152 F.3d 321, 325 (4th Cir. 1998); *F.T.C. v. H.N. Singer Inc.*, 668 F. 2d 1107, 1109 (9th Cir. 1982).

    **a.     This Court Lacks Jurisdiction Under the IDEA Because Plaintiffs' Failed to Exhaust Their Administrative Remedies**

The gravamen of plaintiffs' application for a TRO is that the Court has jurisdiction to grant a TRO under the IDEA. It is axiomatic that in order to be able file suit in federal court, however, plaintiffs must first exhaust their IDEIA administrative remedies. 20 U.S.C. § 1415; *Doe v. Arizona Dept. of Educ.*, 111 F.3d 678, 680-81 (9th Cir. 1997). *See also Hoeft v. Tucson Unif. Sch. Dist.*, 967 F.2d 1298, 1300, 1303 (9th Cir. 1992)). Where there is a question about whether the IDEIA's administrative machinery can redress the injury, exhaustion is required. *Robb v. Bethel Sch. Dist. #403*, 308 F.3d 1047, 1049-54 (9th Cir. 2002). Section 1415(l) of the IDEIA states:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990... title V of the Rehabilitation Act of 1973..., or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) [state and local level due process hearings] of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

Under the IDEIA, therefore, plaintiffs must file all necessary State and local level

7

DEFENDANT BURLINGAME SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; CASE NO. C08-2743 JSW

SF 317315v1

complaints, and then exhaust those processes before coming to federal court. If parties who have undergone a state agency's administrative complaint resolution process, such as the OAH due process hearing procedure, are aggrieved by the state agency's decision after hearing, then, and only then, may they file a civil action in any state court of competent jurisdiction or in federal district court. 20 U.S.C. § 1415(i)(2).

As plaintiffs have failed to exhaust administrative remedies by failing to take this matter through to a due process hearing or by pursuing a compliance complaint with CDE, this Court cannot exercise subject matter jurisdiction over their purported federal claims and they must be dismissed.

   **b.** <u>There is No Right to an Interlocutory Appeal for the Causes of Action Contained in Plaintiffs' Complaint, So 28 U.S.C. Section 1292(b) Does Not Provide Jurisdiction</u>

Plaintiffs' complaint is styled as an interlocutory appeal under the IDEIA. The general rule as to whether an order is immediately reviewable is found in Title 20 of the United States Code, Section 1291, which provides that only final judgments are appealable. "Congress did not intend for the [exceptions set forth in 20 U.S.C. Section 1292] to open the floodgates to piecemeal appeals. *U.S. v. City of Hialeah*, 140 F.3d 968, 973 (11th Cir. 1998). This is why the Supreme Court has "repeatedly cautioned that the 'exception is a narrow one and is keyed to the "need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence."' " *Id.* citing *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 480 (1978) (quoting *Baltimore Contractors v. Bodinger*, 348 U.S. 176, 181 (1955)). As set forth *supra*, the United States Supreme Court has held that there is no right to an interlocutory appeal to settle disputes regarding the existence of settlement agreements.

Plaintiffs' complaint claims jurisdiction under 28 U.S.C. Section 1292(b) as their basis to go to federal court on an interlocutory appeal. This matter does not fall within the jurisdiction of the district court under this section, because the statute only applies to orders of a district judge, not OAH.

Neither does the matter address a "controlling issue of law as to which there is substantial

ground for difference of opinion." 28 U.S.C § 1292(b). Plaintiffs seek an entry of judgment or an enforcement of a settlement agreement from OAH. There is no substantial difference of opinion regarding this matter which would warrant the unusual remedy of an interlocutory appeal.

Furthermore, the IDEIA only allows for review of administrative proceedings in federal court after those proceedings have been fully exhausted through dismissal or a hearing on the merits. The Eleventh Circuit recently held that there is no right to interlocutory review of administrative decisions under the IDEIA before the administrative agency has rendered a decision on the merits. *McQueen v. Colorado Springs Sch. Dist. No. 11*, 488 F.3d 868 (10th Cir. 2007). See also, *R.K. v. Hayward Unif. Sch. Dist.*, 2007 WL 2778702 (N.D. Cal. 2007) (court without jurisdiction to hear claims relating to whether settlement agreement breached before due process proceeding is completed).

### 2. Plaintiffs' Complaint Will Not Succeed on the Merits Either, Because There Is No Basis For This Court to Impose Terms of a Settlement Agreement Upon the Parties Where No Agreement Was Ever Reached.

Plaintiffs assert that a contract exists which this Court should enforce or order OAH to enforce. In reality, there is no such contract between the District and plaintiffs. Decl. Moore ¶ 8. Under California law, that agreement has to be approved and ratified by the District's Governing Board in order to be legally effective and enforceable. That never happened here and therefore there is no contract.

A school district may enter into contracts by a majority vote of its governing board. Cal. Educ. Code §§ 35010, 35164, 17604. Even if the power to negotiate a contract is delegated to its superintendent or some other officer, the contract is still not effective unless and until it has been approved or ratified by the board. Cal. Educ. Code § 17604. It is well established that "[a] contract which has not been approved or ratified pursuant to Education Code ... does not comply with the required formalities, and is unenforceable against the District. ... Persons dealing with a school district are chargeable with notice of limitations on its power to contract." *Santa Monica Unif. Sch. Dist. v. Persh*, 5 Cal.App.3d 945, 952 (1970). This is true even when the other contracting party has relied upon the district's promises or suffered hardship as a result. *Id.*, at

9

DEFENDANT BURLINGAME SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; CASE NO. C08-2743 JSW

SF 317315v1

953. "[T]he principle of estoppel is not applicable to a municipal agency which has not acted in compliance with a statute which is the measure of its power." *Id.*

Furthermore, the Court, like OAH, has no power to require an unwilling party to enter into a settlement. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653-54 (7th Cir. 1989)("a district court cannot coerce settlement" and cannot force a party to make a settlement offer); *Goss Graphics System, Inc. v. DEV Ind., Inc.*, 267 F.3d 624, 627-28 (7th Cir. 2001)(same).

### C. This Court Must Abstain From Enjoining a State Proceeding Without a Showing By Plaintiffs of Great and Immediate Irreparable Injury.

Under the alternative prong of the test for granting preliminary relief, this Court must look to the seriousness of the questions raised and balance the hardships. This Opposition has addressed *supra* how it is the District who will experience hardship and that plaintiffs have demonstrated no legitimate hardships. Because plaintiffs seek to enjoin a pending State proceeding however, they must show a great and immediate irreparable injury, a showing they cannot make as a matter of law.

Under *Younger v. Harris*, 401 U.S. 37 (1971), a criminal defendant charged with violation of California's Criminal Syndicalism Act filed a federal lawsuit seeking to enjoin the district attorney from prosecuting him in state court on federal constitutional grounds. The Supreme Court reversed the trial court order enjoining the district attorney "as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Younger*, at 41. The Court relied in part on 28 U.S.C. Section 2283, which provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." It also relied on principles of comity towards state governments, a respect for the role of state courts, the interest in avoiding duplicative legal proceedings, and "the basic doctrine of equity jurisprudence that courts of equity should not act ... when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.*, at 43-44.

The Supreme Court noted that having to defend against a single prosecution brought in

good faith could not constitute great and immediate irreparable injury as was required. It stated:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.*, at 46. Likewise here, the threat of having to go to hearing in a civil administrative proceeding is not an irreparable injury. This is particularly the case here, where plaintiffs have initiated the civil proceeding, and can, if they wish to avoid a hearing, simply dismiss their complaint and pursue their remedies for the alleged breach of contract.

This abstention doctrine applies when state administrative proceedings are pending and requires the district court to dismiss the federal action. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982) (abstention applied to federal suit seeking to enjoin state bar disciplinary proceeding). In *Baffert v. California Horse Racing Board*, 332 F.3d 613 (9th Cir. 2003), a horse trainer whose license was suspended by the Board sued in federal court claiming that the Board's failure to safeguard blood samples of the horse during the suspension proceeding denied him due process. The Ninth Circuit reversed a federal court injunction against the Board finding that the court should have abstained from litigating the action while the appeal of state administrative proceedings were pending. It held that *Younger* applies "when there is a pending state proceeding that implicates important state interests and provides the federal plaintiff with an opportunity to raise federal claims." *Baffert*, at 617.

Here, there is no doubt that OAH's due process proceeding affords plaintiffs the opportunity to raise federal claims; indeed, its primary purpose is to resolve disputes under the IDEIA. Moreover, the state's interest in the OAH proceedings is clear. The federal suit is filed against the California Office of Administrative Hearings, an agency of the State of California, and the Burlingame School District, a California public school district which is considered to be an arm of the state, at least for Eleventh Amendment purposes. Complaint, ¶¶ 13-14; *Belanger v. Madera Unif. Sch. Dist.*, 963 F.2d 248 (9th Cir. 1992). One of the facts the Court found significant in granting abstention in *Middlesex* was that an agency of the state was a party in the

11

DEFENDANT BURLINGAME SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; CASE NO. C08-2743 JSW

SF 317315v1

underlying proceedings and was a named defendant in the federal case. *Middlesex*, at 434-35.

Further, the plaintiff's causes of action implicate important state interests. The First Claim for Relief in the Complaint appears to be a claim for breach of contract, a distinctly state law claim. *Kokkonen, supra,* at 382. As the Ninth Circuit held in *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 840 (9th Cir. 2004), a breach of contract claim "is clearly a creature of state law." *See also, Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950) (suit for damages or specific performance under a contract would arise under state law). The Third and Fourth Claims for Relief in the Complaint include claims brought, at least in part, under state law. The Third Claim says that it is brought for entry of judgment under Federal Rules of Civil Procedure 68 and/or under California Code of Civil Procedure section 998. The Fourth Claim says that it is brought for entry of decision by judgment under 5 Cal. Code of Regs. § 3087. The Second, Third and Fourth Claims, which include a cause of action for declaratory relief against the District and OAH, seek rulings about the scope of OAH's authority to enforce settlement agreements or enter judgments upon settlement agreements in state due process proceedings. Further, OAH here is standing in the shoes of the California Department of Education, the State Educational Agency under the IDEIA, whose obligation it is to adjudicate disputes under the IDEIA as implemented by state law. See, e.g. 20 U.S.C. § 1415(f)(1)(A) ("the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency").

The *Baffert* court held that California's administrative procedures offer an adequate remedy, despite the fact that the plaintiff there had not yet had success in his administrative hearing. *Baffert*, at 619, 621. Here, plaintiffs must pursue their state proceedings and exhaust their administrative remedies to conclusion before seeking federal court review.

V. **CONCLUSION**

For the foregoing reasons, the District respectfully requests this Court deny plaintiff's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Re Injunctive

Relief.

DATED: June 18, 2008

MILLER BROWN & DANNIS

By: _____
AMY R. LEVINE
DAMARA MOORE
Attorneys for Defendant
BURLINGAME SCHOOL DISTRICT

13

DEFENDANT BURLINGAME SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; CASE NO. C08-2743 JSW

SF 317315v1