AMY R. LEVINE, State Bar No. 160743
alevine@mbdlaw.com
DAMARA MOORE, State Bar No. 215678
dmoore@mbdlaw.com
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendant
BURLINGAME SCHOOL DISTRICT
Specially Appearing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.K., a minor by and though his Guardian ad Litem, L.K.; L.K. and W.K.,<br><br>Plaintiffs,<br><br>v.<br><br>BURLINGAME SUNIFIED SCHOOL DISTRICT; and OFFICE OF ADMINISTRATIVE HEARINGS,<br><br>Defendants. | Case No. C 08-2743 JSW<br><br>**SUMMARY OF BURLINGAME SCHOOL DISTRICT'S ARGUMENT IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date : June 20, 2008<br>Time : 9:00 a.m.<br>Judge : Jeffrey S. White<br><br>**Trial:** NONE SET<br><br>**Complaint Filed:** June 2, 2008 |

SF 317359v1

SUMMARY OF BURLINGAME SCHOOL DISTRICT'S ARGUMENT IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; CASE NO. C 08-2743 JSW

The Motion should be denied for numerous reasons. The underlying Complaint is procedurally defective. It was improperly served. Moreover, there is no jurisdiction for it under the Individuals with Disabilities Education Improvement Act ("IDEIA") because plaintiffs failed to exhaust their administrative remedies under *Robb v. Bethel School Dist. #403*, 308 F.3d 1047 (9th Cir. 2002) and there is no right to an interlocutory appeal of an order denying enforcement of a settlement agreement, *Digital Equipment Corp. v. Desktop Direct* 511 U.S. 863 (1994). Without jurisdiction for the underlying complaint, there is no right to file an ex parte application for a temporary restraining order. *F.T.C. v. H.N. Singer Inc.*, 668 F. 2d 1107, 1109 (9th Cir. 1982).

Even if this Court reaches the question of the merits of the Motion, it is evident the extremely high standard that must be shown to upset the status quo and enjoin a pending state proceeding cannot be met. See *Younger v. Harris*, 401 U.S. 37 (1971); *Baffert v. Cal. Horse Racing Board*, 332 F.3d 613 (9th Cir. 2003). Plaintiffs establish no harm they will suffer if the OAH proceeding goes forward, although the District will be prejudiced by the delay. Moreover, plaintiffs can establish no likelihood of success since there is no right to enforce a non-existent agreement or impose a settlement on a party that never agreed to the settlement. Here, the District's Board has not ratified any agreement and the parties had no meeting of the minds regarding the terms of the agreement  Even if such an agreement existed, there is no authority that provides federal court jurisdiction over a contract action to enforce a privately negotiated settlement. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 382 (1994). For all these reasons, the Motion should be denied.

DATED: June 18, 2008                    MILLER BROWN & DANNIS

By: /s/ Amy R. Levine
AMY R. LEVINE
DAMARA MOORE
Attorneys for Defendant
BURLINGAME SCHOOL DISTRICT

1

SUMMARY OF BURLINGAME SCHOOL DISTRICT'S ARGUMENT IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; CASE NO. C 08-2743 JSW