EDMUND G. BROWN JR.
Attorney General of the State of California
CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
CONSTANCE L. LELOUIS
Supervising Deputy Attorney General
DANIEL J. POWELL, State Bar No. 230304
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5830
 Fax:  (415) 703-1234
 Email:  Daniel.Powell@doj.ca.gov

Attorneys for Defendant Office of Administrative Hearings

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| L.K., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, L.K.; L.K. and W.K., <br><br> Plaintiffs, <br><br> v. <br><br> **BURLINGAME SCHOOL DISTRICT AND OFFICE OF ADMINISTRATIVE HEARINGS,** <br><br> Defendants. | 3:08-cv-02743 JSW <br><br> **DEFENDANT OFFICE OF ADMINISTRATIVE HEARING'S OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** <br><br> Hearing: June 20, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 2 <br> Judge: Hon. Jeffrey S. White |

## INTRODUCTION

Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Injunctive Relief ("Motion for TRO") should be denied as plaintiff cannot show a likelihood of success on the merits and because he has failed to show an imminent threat of irreparable injury. Plaintiff seeks to stay a due process hearing that is to be held pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(f), on the basis of a purported settlement agreement with the Burlingame School District ("School District"). In a case involving facts virtually identical to those in this case, however, this Court recently denied a request for a Temporary Restraining Order ("TRO") on the grounds that the plaintiff had failed to exhaust his administrative remedies and had failed to allege an imminent harm. *R.K. v. Hayward Unified School Dist.*, 2008 WL 183559 (N.D. Cal. Jan. 18, 2008). The outcome in *R.K.* is controlling. Plaintiff has not yet completed the due process hearing required by the IDEA, which may well afford him the same or similar relief he seeks through enforcement of the settlement agreement. In any event, completing a due process hearing is a prerequisite to bringing suit in this Court, and absent exhaustion of plaintiff's available administrative remedies, this Court lacks subject matter jurisdiction over his suit. Moreover, even if the Court had jurisdiction, plaintiff has failed to allege an irreparable harm. Rather, plaintiff only alleges that he will be forced to incur the cost and inconvenience of participating in the due process hearing. Under clearly established law, this is insufficient harm to support the extraordinary relief provided by a TRO. Moreover, the public interest in quickly resolving disputes between students, parents, and their educators weighs heavily against granting a TRO. Accordingly, plaintiff's motion should be denied.

## STATEMENT OF FACTS

This case involves a dispute between plaintiff, a 7 year-old-child, and the School District over whether the School District has complied with the IDEA in providing a free and appropriate public education. *See* Points and Authorities in Support of Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Injunctive Relief ("P&As") at 1. After failing to

resolve their dispute, plaintiff requested a hearing before the Office of Administrative Hearings ("OAH"). *Id.* Prior to that hearing, however, the School District advised the OAH that the plaintiff had accepted a statutory offer of settlement pursuant to 20 U.S.C. § 1415(i)(3)(D), and requested that Administrative Law Judge Cleveland vacate the hearing date. *Id.* at 2. Subsequently, however, plaintiff alleges that the School District informed counsel for plaintiff that it would not abide by the statutory offer of settlement. Plaintiff then sought to enforce the statutory offer of settlement by filing a motion before the OAH to enter judgment or in the alternative, to enforce the statutory offer of settlement. *Id.* OAH denied the motion on the basis that it lacked the authority to grant the relief sought by plaintiff. *Id.* Subsequent to filing this suit, plaintiff then sought an order from OAH staying the proceedings, which was opposed by the School District. *Id.* at 3. Noting that it was required to provide a hearing within 45 days of a request for a hearing, and that nothing in federal or state law authorized OAH to issue a stay, Judge Cleveland denied the request. *Id.* and Ex. H (citing Tit. 34, Cal. Code Regs., § 300.515; Cal. Educ. Code §§ 56502(f) and 56505(f)).

**ARGUMENT**

In order to prevail on a motion for a temporary restraining order, "a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Alternatively, a court may grant the injunction if the plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *National Resources Defense Council, Inc. v. Winter*, 518 F.3d 658, 676 (9th Cir. 2008). These alternative standards are "not separate tests but the outer reaches of a single continuum." *International Jensen, Inc. v. Metrosound U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993). In this case, plaintiff can neither show a likelihood of success on the merits nor irreparable injury, and his request implicates important issues of public policy. Accordingly, the motion for a TRO should be denied.

**A. Because Plaintiff Has Not Exhausted His Administrative Remedies, This Court Lacks Jurisdiction Over this Case Such That Plaintiff Cannot Show a Likelihood of Success on the Merits**

Under the IDEA, parents must exhaust their administrative remedies prior to bringing suit in federal court. *Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1302–1303 (9th Cir. 1992); 20 U.S.C. § 1415(i)(2). The exhaustion requirement reflects the notion that "agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." *Id.* (*quoting McCarthy v. Madigan*, 503 U.S. 140 (1992)). The exhaustion requirement "also effect[s] Congress' intent that each child's individual educational needs be worked out through a process that begins on the local level and includes ongoing parental involvement, detailed procedural safeguards, and a right to judicial review." *Smith v. Robinson*, 468 U.S. 992, 1011 (1984). The exhaustion requirement is jurisdictional: "if a plaintiff is required to exhaust administrative remedies but fails to do so, the federal courts do not have jurisdiction to hear the plaintiff's claim." *Blanchard v. Morton Sch. Dist.*, 420 F.3d 819, 920–921 (9th Cir. 2005).

In this case, there has not yet been a final decision by the OAH, and accordingly, plaintiff has not exhausted his administrative remedies. As this Court has recognized, "[t]he dispositive question in determining whether exhaustion is required for a particular claim 'is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies.'" *R.K. v. Hayward Unified Sch. Dist.*, 2007 WL 2778702 at *5 (N.D. Cal. Sept. 21, 2007). It is clear that plaintiff could receive appropriate relief from the OAH. The underlying complaint sought to "resolve a dispute with defendant Burlingame School District regarding plaintiff L.K.'s educational program." P&As at p. v. The determination of whether the services being provided to the student meet the requirements of the IDEA is a question that is squarely within the province of the ALJ. Here, however, the ALJ has not yet conducted a due process hearing: the TRO, of course, seeks to prevent that very hearing from occurring. Because the due process hearing has not yet been conducted, plaintiff has failed to exhaust his administrative remedies. *R.K.*, 2007 WL 2778702 at *5. Accordingly, this court lacks subject matter jurisdiction over the dispute. *R.K. v. Hayward Unified Sch. Dist.*, 2008 WL 183559 at *2

(N.D. Cal. Jan. 18, 2008). Because the court lacks subject matter jurisdiction over the underlying suit, plaintiff cannot possibly show a likelihood of success on the merits.

**B. Plaintiff Has Failed to Allege a Significant Threat of Irreparable Harm**

In addition to not being able to show a likelihood of success on the merits, plaintiff's motion for a TRO should be denied because he cannot show a significant threat of irreparable injury. Here, the only injury alleged by the plaintiff is the costs attendant to the due process hearing itself. Generally speaking, however, monetary damages are insufficient to show irreparable harm. *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992) ("the claim of mere financial hardship does not establish irreparable harm"). Moreover, "[l]itigation costs are generally not a sufficient 'injury' to support injunctive relief." Schwarzer, Tashima & Wagstaffe, *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial* at ¶ 13:61.2 (The Rutter Group 2008) (citing *Briggs & Stratton Corp. v. Local 232, International Union, Allied Indus. Workers of America*, 36 F.3d 712, 714 (7th Cir. 1994); *Tejudios De Coamo, Inc. v. Int'l Ladies' Garment Workers' Union*, 22 F.3d 8, 14 (1st Cir. 1994)). The IDEA itself provides for attorneys fees, 20 U.S.C. § 1415(i)(3)(B), and any additional costs may be recoverable in a breach of contract action should the Court ultimately conclude that there was in fact an enforceable settlement between the plaintiff and the School District..[1] Because the costs incurred by the plaintiff in participating in the due process hearing can be recovered, there is no irreparable harm. *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 471 (9th Cir.1984) ("Mere financial injury ... will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation.").

This case presents almost the identical facts to another case in which this court denied a similar request for a TRO. *R.K. v. Hayward Unified School Dist.*, 2008 WL 183559 (N.D. Cal. Jan. 18, 2008). In *R.K.,* the plaintiff sought to stay a due process hearing to be held by OAH. *Id.* at *2. As here, OAH had dismissed the plaintiff's claims relating to a settlement agreement

---

1. OAH takes no position on whether there was a valid settlement agreement in this case.

between plaintiff's parents and the Hayward School District on the grounds that it lacked the authority to hear those claims. There too the plaintiff alleged "that he will suffer irreparable harm by having to litigate his claims in two different forums." *Id.* This Court, however, concluded that "[a]lthough plaintiff may be inconvenienced, he has not shown that he will suffer irreparable injury." *Id.* Accordingly, the Court denied the request for a TRO.

*R.K.* controls the outcome of this case. As in *R.K.*, plaintiff here seeks to stay a due process hearing based solely on the inconvenience of having to litigate claims in two forums. Moreover, as in *R.K.*, the plaintiff "will have an opportunity to litigate all his claims." *Id.* If OAH decides that the plaintiff is not entitled to an education that encompasses all of the relief to which the School District and the plaintiff allegedly agreed, he may still pursue his claim in this Court that the settlement agreement is binding on the School District. Accordingly, he has not demonstrated any irreparable injury, and this Court should deny the TRO.

**C. The Public Interest in Quickly Resolving Disputes Between Students and School Districts Weighs Heavily Against Granting a TRO.**

Important public policy considerations also weigh against granting a TRO in this case. The due process hearing procedures in the IDEA reflect Congressional intent "that the needs of handicapped children are best accommodated by having the parents and the local education agency work together to formulate an individualized plan for each handicapped child's education." *Smith*, 468 U.S. at 1012. Reflecting this intent, California provided for a due process hearing that, while maximizing the protections afforded to the student, allow for a quick resolution to any dispute between the parents and the child's school district. Accordingly, both the California Education Code provisions governing due process hearings under the IDEA and the accompanying regulations require OAH, in most instances, to conduct a hearing within 45 days of receiving a request. Tit. 34, Cal. Code Regs., § 300.515; Cal. Educ. Code §§ 56502(f) and 56505(f). This short time line reflects California's interest in quickly resolving disputes between parents and educators so that a student can timely receive the free and appropriate public education to which he or she is entitled under the IDEA.

Were the Court to issue the TRO, however, these important public policy considerations would be defeated. Rather than be provided with a timely decision reflecting the ALJ's determination of what education is most appropriate for plaintiff, granting the TRO would halt that process until such time that this Court could adjudicate whether the parties entered into a valid settlement agreement, a process that could take months, if not longer. If the Court were to conclude there was not a valid settlement, the parties would then have to return to OAH and start the hearing process once again, adding more time to what would have already been a lengthy process. By allowing the hearing to go forward, the Court and the parties would have the benefit of the ALJ's determination of what would best serve plaintiff's educational needs, even if there were still a question of whether the parties had reached a settlement. Accordingly, public policy considerations strongly support denying the TRO, particularly where the claim to relief is so weak and the harm is insubstantial, so that the dispute between the parties can be resolved as quickly as possible.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for a temporary restraining order should be denied.

Dated: June 18, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

CONSTANCE L. LELOUIS
Supervising Deputy Attorney General


/s/ Daniel J. Powell

DANIEL J. POWELL
Deputy Attorney General
Attorneys for Office of Administrative Hearings

20117844.wpd
SA2008303058

OAH's Opp. to TRO        L.K., et al. v. Burlingame School District and Office of Administrative Hearings
3:08-cv-02743 JSW

<u>**DECLARATION OF SERVICE BY U.S. MAIL**</u>

Case Name:   **L.K., et al. v. Burlingame School District and Office of Administrative Hearings**

No.:   **3:08-cv-02743 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>June 18, 2008</u>, I served the attached **DEFENDANT OFFICE OF ADMINISTRATIVE HEARING'S OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Amy Levine**
**Attorney at Law**
**Miller, Brown & Dannis**
**71 Stevenson Street, 19th Floor**
**San Francisco, CA 94105**
**Attorney for Burlingame School District**
**By Email: alevine@mbdlaw.com**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 18, 2008, at San Francisco, California.

| Susan Chiang | _/s/_ |
|---|---|
| Declarant | Signature |

20117891.wpd