IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.K., a minor by and through his Guardian ad Litem, L.K., W.K.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BURLINGAME SCHOOL DISTRICT, and OFFICE OF ADMINISTRATIVE HEARINGS<br><br>　　　　Defendant.<br>_____/ | No. C 08-02743 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

　　　　TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 20, 2008, AT 9:00 A.M.:

　　　　The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites *and without argument or additional briefing. Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

　　　　The Court **tentatively denies the application for a temporary restraining order and tentatively dismisses this action for lack of jurisdiction.**

The parties each shall have twenty (20) minutes to address the following questions:

1. Plaintiffs assert that, on May 2, 2008, the District made a "ten-day" offer pursuant to 20 U.S.C. § 1415(i)(3)(D), which the District purportedly revoked after Plaintiffs accepted the offer.

    a. Does the District dispute the fact that the ten-day offer was extended and that it later purported to revoke that offer?

    b. On what authority do Defendants rely to support their position that they would not recognize Plaintiffs' acceptance of the ten-day offer?

    c. Do Defendants have any authority to suggest that a ten-day offer under the IDEIA does not have the same effect as a Rule 68 Offer of Judgment?

2. Could Plaintiffs pursue the enforcement of the ten-day offer before the California Department of Education?

3. In *Traverse Bay Area Intermediate School District v. Mich. Dept. of Educ.*, 2007 WL 2219352 (W.D. Mich. July 27, 2007), in addition to concluding that the plaintiff school districts were required to exhaust their administrative remedies before pursuing claims for breach of settlement and breach of contract, based upon a ten-day offer, the court also suggested that ten-day offers may not be the types of settlements over which federal courts would have jurisdiction. *See id.* at *6-*10; *see also Bowman v. District of Columbia*, 2006 WL 2221703 at *2 (D.D.C. Aug. 2, 2006) (noting that plain language of statute limited the types of settlements which are enforceable by federal courts). What is Plaintiffs' best argument that the Court should not follow the reasoning of the *Traverse* and *Bowman* courts and conclude that it does not have jurisdiction to enforce the ten-day offer?

4. How would Defendants distinguish the facts in *C.T. v. Vacaville Unified School District*, 2006 WL 2092613 (E.D. Cal. July 27, 2006) from the facts of this case?

5. What are Defendants' responses to Plaintiffs' reliance on *Chalk v. U.S. Dist. Ct. For the Central District of California*, 840 F.2d 701, 707-10 (9th Cir. 1988) to support their position that the emotional harm they will suffer if the Due Process proceeding goes forward constitutes irreparable harm?

6. Are there any other issues that the parties wish to address?

**IT IS SO ORDERED.**

Dated: June 19, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE